COLUMBUS SCHMIDT ET AL., RESPONDENTS, v. MAT-
   THEW NUNAN, APPELLANT.

SALE—DELIVERY—CHANGE OF POSSESSION.—S. C. & Co. while indebted to D.
   & G. sold the property in controversy—thirty-three tons of hay—to the
   respondents, and agreed to deliver it to them at a landing on the Sacramento
   River. The vendors immediately hauled the hay to the landing, and delivered
   it on board a schooner chartered by the respondents. While the schooner was
   in transit to San Francisco, where the respondents were doing business, the
   appellant, as sheriff, attached the property in an action by D. & G. against the
   vendors, and sold it, and applied the proceeds to the satisfaction of their claim.
   *Held*, in an action against the sheriff to recover the property or its value, that
   the sale was followed by an immediate and continued change of possession, and
   not being fraudulent in fact, the seizure was unlawful.
REPLEVIN—DAMAGES—INTEREST.—In an action to recover personal property or its
   value, interest on the value of the property is allowable, by way of damages for
   detention, from the date of the wrongful taking.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco, and from an order refusing a new
trial.

The action was brought to recover certain personal property
or its value, and the sum of one hundred and fifty dollars as
damages for the detention. There was no evidence upon the
question of damages caused by the detention, but the court gave
judgment for a return of the property with legal interest on its
value from the wrongful taking, or if not returned, for the value
of the property with legal interest thereon as damages for the
detention from the date of the seizure.

The other facts are sufficiently stated in the opinion of the
court.

*George D. Shadburne*, for Appellant.

There was no immediate delivery or continued change of pos-
session from Schmidt, Christian & Co. to plaintiffs of the prop-
erty in question, hence any transfer thereof was fraudulent as
to the creditors of Schmidt, Christian & Co., and was void as to
any of their creditors while they remained in possession.
(§ 3440, Civ. Code; §§ 276, 278, 279, 511, 512, 519, 520, 524,
527, Story on Sales; § 531, Pol. Code; *Gray* v. *Corey*, 48 Cal.
208; *Watson* v. *Rodgers*, 53 Cal. 401; §§ 483, 484, 485, 487 n,

l 490 n, r 675 n, d Benjamin on Sales, 3d ed.; *Mason* v. *Bond,* 9 Leigh, 181; S. C. 33 Am. Dec. 243; *Davis* v. *Bigler,* 62 Pa. St. 242; S. C. 1 Am. R. 393; *Edwards* v. *Sonoma Valley Bank,* 8 Pac. C. L. J. 705.)

The transfer claimed by plaintiffs to them of the property in question was made, if made at all, with intent to defraud. (§ 3439, Civ. Code.)

Of this the statute does not demand conclusive proof. (*White* v. *Leszynsky,* 14 Cal. 165; *Purkitt* v. *Polack,* 17 Cal. 327; *Butler* v. *Collins,* 12 Cal. 457.)

The one who *enabled* the fraud must suffer. (*Poorman* v. *Mills,* 39 Cal. 345.)

Sale of goods to be delivered on arrival is *executory* only. (*Russell* v. *Nicoll,* 3 Wend. 112; *Prescott* v. *Locke,* 51 N. H. 94; *Pattison* v. *Oulton,* 33 Ind. 240; *Calahan* v. *Babcock,* 21 Ohio St. 281.)

And as long as the seller preserves sufficient control over the goods to retain the right of stoppage *in transitu,* he prevents the vendee from accepting them as his own within the meaning of the statute. (*Baldey* v. *Parker,* 2 Barn. & C. 37; *Howe* v. *Palmer,* 3 Barn. & Adol. 321; *Tempest* v. *Fitzgerald,* 3 Barn. & Adol. 680; *Carter* v. *Toussaint,* 5 Barn. & Adol. 855; *Smith* v. *Surman,* 9 Barn. & C. 561; *Bill* v. *Bament,* 9 Mees. & W. 37; *Hawes* v. *Watson,* 2 Barn. & C. 540; *Maberly* v. *Sheppard,* 10 Bing. 101; *Holmes* v. *Hoskins,* 9 Ex. 753; *Dodsley* v. *Varley,* 12 Ad. & E. 632; *Howes* v. *Ball,* 7 Barn. & C. 484; §§ 327, 331, 336, 337, 401, Story on Sales.)

No damages were proved or allowed at the trial, yet the judgment awards interest as damages, which we claim was error. (§§ 627, 667, Code Civ. Proc.; §§ 1917, 3336, Civ. Code.)

*F. J. Castelhun,* for Respondents.

There was not, only an immediate delivery, but an immediate change of possession, which continued uninterruptedly until the defendant took the hay from plaintiffs' agent, Capt. Snyder.

As to the right of stoppage in transit, the seller lost it the moment the hay arrived at Hudab's Landing. (§ 1755, Civ. Code.)

But even if the seller had the right of stoppage, he could only exercise that right under the conditions contained in sections 3076, 3077, 3078, 3079, and 3080, Civ. Code.

As to all other persons but the seller, the purchaser's right is supreme. (§ 3080, Civ. Code.)

Interest was properly allowed as damages on the value of the property. (§§ 627, 667, Code Civ. Proc.; §§ 3287, 3288, 3333, Civ. Code; *Kelly* v. *McKibben*, 54 Cal. 192; *Hisler* v. *Carr et al.* 34 Cal. 641; *Page* v. *Fowler*, 39 Cal. 412; *Freeborn* v. *Norcross*, 49 Cal. 313.)

McKee, J. — Action to recover the possession of personal property or its value. The action was tried upon an issue of justification, under a writ of attachment against the plaintiffs' vendors.

Demand and refusal were admitted; it was also admitted that the defendant, acting as the sheriff of the city and county of San Francisco, by a writ of attachment sued out in the case of Dalton & Gray against Schmidt, Christian & Co., seized the property as the property of the attachment debtors, and afterwards sold it, at execution sale, by an execution issued on a judgment rendered in the case, and applied the proceeds of the sale to the satisfaction of the execution. But the court found that the property at the time of its seizure belonged to the plaintiffs, and that it was not subject to the levy of the attachment or execution. It is contended that the finding is not sustained by the evidence.

There was no substantial conflict of evidence. The property consisted of thirty-three tons of hay, which had been raised by Schmidt, Christian & Co., on a ranch situate on the Sacramento River. In October, 1879, they sold the hay on the ranch to the plaintiffs, and agreed to deliver it to them at a landing on the river known as Hudab's Landing. Immediately after the sale they had the hay hauled to the landing, where, soon afterwards, it was taken by the plaintiffs' agents on board a schooner which the plaintiffs had chartered to bring the hay for them to San Francisco, where they wanted to use it. The schooner arrived at her wharf in San Francisco with the hay, but before it was unloaded the defendant seized it by virtue of the attach-

ment; and it is contended that being on board the schooner, the hay had not been delivered on the wharf to the plaintiffs, and was in law in the possession of the vendors, and subject to the attachment against them.

But the sale made on the ranch was complete and not executory; and it was accompanied by an immediate delivery, when the hay was hauled to the landing in pursuance of the contract of sale, and followed by a change of possession when the plaintiffs by themselves or their agents received the hay on board the schooner to be carried to San Francisco. That possession thus acquired continued uninterruptedly in the plaintiffs until the seizure of the hay by the defendant. Being in *them* at the time of the seizure, the hay was not in the possession of the vendors, and the seizure was wrongful, unless the sale itself was fraudulent and void as against the creditors of the vendors.

In the transaction between the vendors and vendees, it is not claimed there was any fraud in fact; and as the sale was *bona fide*, accompanied by an immediate delivery and followed by a change of possession, it was not fraudulent in law. Being free from fraud in law and fact, the conclusion that the hay was the property of the plaintiffs at the time of the seizure by the defendant, and not subject to the attachment against their vendors, was legitimately drawn.

It was not erroneous to allow interest, by way of damages, on the value of the hay from the day it was wrongfully taken from the plaintiffs. (*Kelly* v. *McKibben*, 54 Cal. 192; *Freeborn* v. *Norcross*, 49 Cal. 313; *Page* v. *Fowler*, 39 Cal. 412; § 3287, Civ. Code.)

Judgment and order affirmed.

ROSS, J., and McKINSTRY, J., concurred.