[No. 8,436. Department One.—August 26, 1884.]

## DAVID PORTER, RESPONDENT, v. CHRISTIAN MULLER, APPELLANT.

MORTGAGE—FORECLOSURE—PARTIES.—A grantee of land subject to a mortgage is a necessary party to a suit to foreclose the mortgage.

ID.—ACTION—MORTGAGE DEBT.—There can be but one action for the recovery of a debt secured by mortgage, and the proceeds of the sale of the mortgaged premises constitute the primary fund out of which the mortgage debt must be paid.

ID.—ORAL AGREEMENT.—An oral agreement between tenants in common of lands subject to a mortgage, that the interest of one of the co-tenants should be relieved of the mortgage, and the interest of the other charged with the whole debt, is of no effect. Such release to be valid must be in writing.

APPEAL from a judgment of the Superior Court of the county of San Joaquin, and from an order refusing a new trial.

The facts sufficiently appear in the opinion.

*J. H. Budd,* for Appellant.

*E. S. Pillsbury,* for Respondent.

The COURT. — 1. By the conveyance from Kroeckel to plaintiff of the former's interest in the mortgaged premises (of the date of the 9th of November, 1876), plaintiff became tenant in common with defendant, in the lands and premises described in the complaint, the premises continuing charged with the lien of the three thousand dollar mortgage executed to plaintiff by Kroeckel and defendant on the 2d day of September, 1875.

It was found by the court below that on the 15th day of December, 1876, plaintiff conveyed the estate and interest in the land and premises, so as aforesaid conveyed by Kroeckel to him, to one Hiram M. Jones. Jones was a necessary party to an action to foreclose the three thousand dollar mortgage because the owner of the legal title (equity of redemption at common law) is a necessary party to any foreclosure of a mortgage executed by his grantor.

If the arrangement alleged in the complaint to have been made between plaintiff, defendant Muller, and Kroeckel, was not made, or did not operate to release the lien of the three thousand dollar mortgage, the judgment of the court below must be reversed. There can be but one action for the recovery of any debt secured by mortgage, and the proceeds of a sale of the whole of the mortgaged premises constituted the primary fund out of which the three thousand dollar debt secured by the mortgage was to be paid. (Code Civ. Proc. § 726.) We cannot order that the judgment be modified so as to direct that the mortgaged premises be sold, because Jones — the owner of the undivided moiety of the equity of redemption — who is a necessary party to a bill to foreclose the mortgage, has not been made a party herein.

2. Are facts alleged in the complaint, and found by the court, which make the defendant personally liable for the whole amount of the three thousand dollar debt?

The complaint avers : " That at the time the said plaintiff became the owner of the said George Kroeckel's interest in said

real property, to wit, on November 9, 1876, there was, as plaintiff is informed and believes, about two hundred acres of the said real property which had been plowed in the spring of 1876 for summer-fallow, and about eighty acres of which was good volunteer ground; that about two hundred and fifty acres of said real property had then already been sown and cultivated into grain, all of which had been done in a good husbandlike manner, gave good prospects for the coming crop, and was of great value for the farming season of 1876 to 1877 to said real property; that thereupon, in consideration that the said Christ. Muller would give to said plaintiff the one eighth part of all the grain to be produced for said farming season upon the whole of said real property, and would at his own cost and expense sow and cultivate, and furnish seed for all that remained unsown of said land, and at the proper time, and at his own cost and expense, head, thresh, and harvest said crop, and that the said plaintiff might look to said Christian Muller, defendant herein, alone, for the payment of the promissory note sued upon in this action and in subdivision 2 herein mentioned, and that said Christian Muller's interest in said real property should alone be subjected as security to the payment thereof, the said plaintiff leased to said Christian Muller his interest (acquired by the grant aforesaid), in the said real property for the farming season of 1876 to 1877; and upon the conditions aforesaid the said Christian Muller accepted the said lease and entered into the sole and exclusive possession of all said real property, to have and to hold unto him, the said Christian Muller, until the end of the farming season aforesaid."

In finding x. the court found that it "was mutually agreed and arranged between the plaintiff, the said George Kroeckel and the defendant Muller," that the plaintiff "would also lease to said defendant Muller for the farming year of 1876–77, his portion of said premises, so conveyed to him by Kroeckel, for *one eighth of all the grain to be raised* upon the whole of said premises described in the complaint, and theretofore belonging to said Kroeckel and Muller," etc.

And in finding xi. the court found: "The plaintiff also leased on that day to said defendant Muller, his portion of said premises so to him conveyed by said Kroeckel, for the farming

year 1876–77, for one eighth of the grain to be raised upon the whole premises (plaintiff to furnish sacks therefor) ,which lease the defendant then accepted, and thereafter for said farming year remained in exclusive possession of said premises, and farmed the same and received all the profits thereof excepting the one eighth," etc.

Findings *twelve* and *thirteen* read : " XII.   That on the 9th day of November, 1876, there were about two hundred and sixty acres of said premises already plowed and seeded, which sowing gave promise of a crop and was supposed to be valuable ; that the said Kroeckel was then the owner of an undivided one-half interest in said crop as the partner of said Muller ; that the lease by plaintiff to said Muller of his (plaintiff's) interest in the said land and crop to him granted by Kroeckel, for one eighth of the whole crop, was a very favorable and desirable one for said Muller, and valuable, and was by him so understood at the time of the making thereof, and said Muller then *considered* and *expected* that he would make sufficient from said lease to indemnify him for his liability upon the three thousand dollar mortgage mentioned in the sixth finding hereof, and for the payment of the whole thereof."

" XIII.   That at the time of such settlement and arrangement and agreement by and between plaintiff, the said George Kroeckel, and said defendant Muller, in the tenth finding hereof mentioned, and long prior thereto, the defendant Muller was aware of the foreclosure proceedings by plaintiff against said Kroeckel in said court, and in the eighth finding mentioned, and it was on said 9th day of November, 1876, considered by said Muller and Kroeckel that if said proceedings were carried to final judgment and foreclosure sale, the said interest of Kroeckel in the premises mentioned in the complaint herein would not be more than sufficient to satisfy said judgment, and it was also understood that said settlement would be to the benefit of both of said parties, and the said Muller was then informed and understood that his interest in the said premises was liable for the payment of the whole of the note, and the mortgage sought to be foreclosed by this action, under the lien of said mortgage, and that he, said Muller, would have to pay the same."

The averment in the complaint is that plaintiff leased to defendant Muller, his undivided moiety of the lands described in the complaint, defendant, as rent therefor, to deliver to plaintiff one eighth of all the grain produced for the farming season mentioned, upon the whole of the property, and to assume to pay to plaintiff the whole amount unpaid of the promissory note sued in this action, and that Muller's interest in the lands should alone be liable, etc. This contract was entered into by the parties or it was not. But the uncertain and evasive findings of the court are not determinative of that issue. There is certainly no finding upon the issue unless it is found in the latter portion of the thirteenth finding—that it "was considered by said *Muller* and *Kroeckel* that if said proceedings (proceedings to foreclose the mortgage executed by Kroeckel) were carried to final judgment and foreclosure sale, the said interest of Kroeckel in the premises mentioned in the complaint would not be more than sufficient to satisfy said judgment; and it was also understood that said settlement would be for the benefit of both parties, and the said Muller was then *informed* and *understood* that his interest *in said premises* was liable for the payment of the whole note and the *mortgage* sought to be foreclosed by this action, and that he, said Muller, *would have the same to pay.*"

In all the elaborate findings there is nothing that can possibly be construed a finding that defendant Muller agreed to assume the sole payment of the three thousand dollar note unless it be discovered in the last words quoted; that Muller *understood* he "would have the same to pay." If he had expressly agreed orally that his co-tenant's share of the land should be relieved of the mortgage, and that his own share should bear the whole burden, such oral agreement would have been of no effect. "A mortgage can be created, renewed, or extinguished, only by writing" with certain formalities. (Civ. Code, § 2922.)

The last clause of the finding thirteen cannot be construed as a finding that he agreed to pay the whole of the three thousand dollar note as part consideration for the occupancy of plaintiff's share of the land. He was "informed and understood" that he would have to pay the note; he was so informed when the "settlement" was made; that is, he was informed and understood that, as a consequence of the settlement and of the

fact that a sale of Kroeckel's share of the land (if the foreclosure proceedings against him were continued to sale) would not bring more than enough to satisfy the individual mortgage of Kroeckel, he, Muller, would have to pay the note. If he was informed and understood that he would become personally liable for the whole three thousand dollar note, as the consequence of facts from which no such liability arose, such information and his *understanding* did not make him liable. While the fact that such information was conveyed to him might tend to prove that he agreed to pay the whole debt as part consideration for the lease, there is no finding of the ultimate fact that he agreed to pay the whole debt.

It follows that appellant is entitled to a new trial.

Judgment and order reversed and cause remanded for a new trial.

Hearing in Bank denied.