[S. F. No. 2492.  Department One.—November 26, 1902.]

ANNIE BLACK, Administratrix, etc., Respondent, v. VERMONT MARBLE COMPANY, Appellant.

ACTION FOR RESTITUTION—REVERSAL OF JUDGMENT—CREDITOR'S PURCHASE UNDER EXECUTION—INADMISSIBLE DEFENSE.—Where a judgment, under which personal property has been sold upon execution to the judgment creditor, who applied the price upon the judgment, has been reversed upon appeal, the original owner is entitled to restitution of the property, or its value, and may maintain an action therefor against the administratrix of the deceased purchaser. There can be no defense of *bona fide* purchase in such action, and no equity can be asserted by the defendant.

ID.—ESTOPPEL OF OWNER NOT SHOWN—PRESENCE AT SALE—PART PURCHASE.—Where no directions appear to have been given by the owner of the property in reference to the sale, and the action of the execution creditor was not induced by that of the owner, and the latter received no proceeds of the sale, the mere fact of the owner's presence at the sale, and seeking to prevent a sacrifice of property by bidding in part thereof, does not estop the owner from prosecuting the action.

ID.—INTEREST ON VALUE.—Interest was properly allowed on the value of the property from the date of the demand of restitution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

F. William Reade, for Appellant.

George C. Sargent, for Respondent.

HARRISON, J.—The plaintiff's testator was at the time of his death the owner and in possession of certain personal property, and after his death the same came into the possession of the plaintiff as the administratrix of his estate. While it was in her possession the sheriff of the city and county of San Francisco, by virtue of an execution issued out of the superior court of that city and county upon a judgment given by said court in favor of the defendant herein, and against the plaintiff's intestate in his lifetime, levied upon the property and sold the same. At such sale the defendant herein, the plaintiff in that action, purchased the property described in the complaint. The judgment under which the sale was had was afterwards reversed by this court, and upon a new trial of the cause the plaintiff therein was nonsuited, and the judgment entered thereon was afterwards, and before the commencement of the present action, affirmed by this court. After the reversal of the judgment under which the property was sold, the plaintiff made a demand upon the defendant for its delivery to her, which was refused, and thereupon the present action was commenced for the delivery of said property, or its value, in case a delivery could not be had. Judgment was rendered in favor of the plaintiff for the value of the property, and the defendant has appealed.

Upon the reversal of the judgment under which the property described in the complaint was sold to the defendant, the plaintiff herein became entitled to the restitution of that property. (*Reynolds* v. *Harris,* 14 Cal. 667;[1] Code Civ. Proc., sec. 957.) As the property had been purchased by the judgment debtor, and the price therefor applied in part satisfaction of its judgment, there were no equitable rights of a *bona fide* purchaser to be protected. Neither does the case present any ground upon which the defendant can invoke an

[1] 76 Am. Dec. 459.

estoppel against the plaintiff. If the plaintiff had received the money for which the property was sold to the defendant, or if the proceeds of that sale had been applied towards the payment or satisfaction of an undisputed claim or debt against her intestate, there might have been some ground for invoking an equity against her present claim; but the subsequent judgment in the cause determined that the defendant had no claim or debt against her intestate, and that it gave no consideration for the property purchased by it, and can therefore assert no equity against the plaintiff's right to its restitution.

The fact that she was present at the sale, or that she purchased some of the property at that sale, does not estop her from prosecuting the present action. The defendant does not claim that its action in purchasing the property was in any respect induced by her conduct, nor does it show that he parted with any right or property, or sustained any damage by reason thereof. She gave no directions in reference to the sale, but was a passive spectator thereof, and had the right to protect her property from being sacrificed, or to prevent it from being taken from her possession. In *Lay* v. *Neville*, 25 Cal. 545, cited by the appellant, the owner of the property gave direct instructions to the officer to sell it, and afterwards received the proceeds of that sale.

The court properly allowed interest on the value of the property from the day it was demanded. (*Kelly* v. *McKibbin*, 54 Cal. 192; *Schmidt* v. *Nunan*, 63 Cal. 371.)

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.