[Civ. No. 483. First Appellate District.—December 8, 1908.]

JAMES K. WILSON, Appellant, v. HENRY M. G. DAHLER, BEHREND JOOST, and MARTIN B. JOOST, Respondents.

MORTGAGE—FORECLOSURE—NECESSARY PARTIES.—In an action to foreclose a mortgage, a grantee of the mortgagor, whose deed is recorded before suit, is a necessary party, or if he is deceased, his legal representatives are necessary parties.

ID.—MATERIAL ISSUES—FAILURE TO FIND—NEW TRIAL.—An answer to the foreclosure suit by one of the defendants setting forth that he is the beneficial owner of one-third of the mortgaged property, and that the legal representatives of a deceased grantee of the mortgagor, whose deed was recorded before suit, are necessary parties, and that they should be brought in before the action is further prosecuted, sets forth material issues, and there being evidence to support them, the failure of the court to find thereupon justifies an order granting a new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Bigelow & Dorsey, J. W. Dorsey, and R. M. F. Soto, for Appellant.

W. H. Cobb, for Henry M. G. Dahler, Respondent.

Cushing, Grant & Cushing, for Behrend and Martin B. Joost, Respondents.

Lloyd & Wood, for Representatives of Maurice Dore, Deceased.

HALL, J.—This is an appeal by plaintiff from an order granting the motion of the defendants Joost for a new trial.

Plaintiff brought an action to foreclose a mortgage upon real estate, executed by defendant Henry M. G. Dahler to the German Savings and Loan Society, to secure payment of a promissory note for the sum of $5,000, dated December 30, 1893. Behrend Joost and Martin B. Joost were made parties defendant as claiming some interest in the property, which was alleged to be subsequent and subordinate to the mortgage. The mortgage and note were assigned to plaintiff before suit.

Behrend Joost and Martin B. Joost answered the complaint, and set up affirmative matter, upon which the court made no finding. The motion for a new trial was made upon the ground, among others, that the court erred in failing to make findings upon the issues presented by the answer of the Joosts, and was properly granted for this reason. The issues presented by the answer were material. The answer alleged facts from which it appeared that defendant Martin B. Joost was a beneficial owner of one-third of the mortgaged property and that Maurice Dore at the time of his death—which was after the execution of the mortgage but before suit was brought—was the legal owner of an undivided one-third of the property by deed of conveyance from Dahler duly executed and recorded after the execution of the mortgage and before suit, and that said interest still belonged to his estate. That, as between the owners of the land, the Dore interest was chargeable with the payment of a portion of the mortgage debt. The answer further alleged in express terms that the administratrices of the estate of Maurice Dore, deceased, are necessary and proper parties to the action, and prayed, among other things, that it be not further prosecuted until they be made parties to the action.

A grantee of land subject to a mortgage, whose deed is duly recorded, is a necessary party to an action to foreclose the mortgage. (*Porter* v. *Muller,* 65 Cal. 512, [4 Pac. 531]; *Woodward* v. *Brown,* 119 Cal. 291, [63 Am. St. Rep. 108, 51 Pac. 2, 542].)

In the case at bar neither the administratrices nor the heirs at law of Maurice Dore were made parties to the foreclosure suit. The judgment that was vacated did not bind the Dore interest in the land, and a sale under such judgment would have resulted in a conveyance of the interest of defendants, Joost and Dahler, to pay a debt in part properly chargeable against the Dore interest if the allegations of the answer are true in fact. Material issues were presented by the answer which were supported by evidence. The court should have made findings thereon, and for this reason properly granted the new trial.

The order is affirmed.

Kerrigan, J., and Cooper, P. J., concurred.