[Civ. No. 1610. First Appellate District.—June 23, 1915.]

MARTEN B. JOOST, Respondent, v. ELLEN DORE et al., Appellants.

MORTGAGES — ACTION TO DECLARE FORECLOSURE SALE VOID — RIGHT TO BRING INDEPENDENT ACTION.—Where subsequent to a sale and conveyance in a suit to foreclose a mortgage, a new trial is granted and the order is affirmed on appeal, a party interested in the property has the right to maintain an independent suit for the purpose of obtaining a judgment setting aside and declaring void the foreclosure sale of the property involved in the action and for the restoration to him of his possession and rights as they existed prior to the judgment upon which the sale was made, notwithstanding the foreclosure suit is still pending, where the record shows that some of the persons in interest were never directly brought before the court, and the record is otherwise complicated by transfers of interest in the property subsequent to the inception of the suit.

ID.—INDEPENDENT SUIT—RULE.—The owner of property or of an interest therein is not compelled, after the reversal of judgment of foreclosure and sale, to have recourse only to the foreclosure suit for a reassertion of his rights to be restored to possession and ownership of the property, but may bring an independent suit to have the record cleared of the ineffective decree and sale, and to have his possession of the property restored.

ID.—TRANSFEREES OF MORTGAGE—RIGHTS OF.—The fact that the purchasers at the foreclosure sale were the transferees of the mortgage and real parties in interest therein does not affect such question; for not having been mortgagees in possession of the property prior to its judicial sale, but only becoming the possessors

thereof by virtue of its purchase at said sale, they cannot be permitted to derive any of those advantages which mortgagees in possession might have by virtue of a sale which has been set aside by the court which granted the decree upon which such sale was predicated.

ID.—FAILURE OF COURT TO AWARD COMPLETE RELIEF—WHEN NOT ERROR. Defendants cannot be heard to complain that the court, having taken jurisdiction of the subject-matter, failed to award complete relief, but relegated the parties to some other proceeding for such relief by way of accounting or otherwise, as may be proper, where the foreclosure action is still pending, in which the financial relations of the parties or their predecessors are directly in issue and complete relief can be obtained and of which action appellants herein have full control.

ID.—GENERAL ORDER GRANTING NEW TRIAL—EFFECT OF.—In such a case where the order granting a new trial was general, it must be held to have applied to the entire judgment and to the interest of all the defendants; and the contention that the judgment must be regarded as final as to the plaintiff herein, his predecessor in interest not having moved for a new trial in the foreclosure suit, cannot be maintained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Dorsey & Henderson, W. E. Cashman, and R. M. F. Soto, for Appellants.

Cushing & Cushing, for Respondent.

RICHARDS, J.—This action was brought for the purpose of obtaining a judgment setting aside and declaring void a foreclosure sale of the property involved in the action, and restoring the plaintiff to his position and rights as they existed prior to the judgment upon which such foreclosure sale was had.

The facts of the case disclosed by the record are as follows: On December 30, 1893, one Henry M. G. Dahler was the holder of the record title to certain property in San Francisco embracing a number of lots and covering about five acres, of which property he was however in fact the owner of only an undivided one-third, the remaining two-thirds thereof being held by him in trust, one-third for Marten B. Joost,

the plaintiff herein, and the other one-third in trust for Maurice Dore, Sr.   While the title and ownership of this property stood in this way Dahler mortgaged the whole property to the German Savings & Loan Society, and subsequently thereto conveyed to Maurice Dore, Sr., his undivided one-third interest in the property excepting a certain lot known as the Spring lot.   Thereafter Maurice Dore, Sr., died intestate, leaving as his sole heirs his daughters Helen and Charlotte E. Dore, and his grandson Maurice Dore, Jr.   His said two daughters were appointed administratrices of his estate, and are still acting as such.   After the death of Maurice Dore, Sr., his said daughters and one Ada Johnson, the mother of Maurice Dore, Jr., purchased said mortgage, and procured an assignment of the same to be made to one James K. Wilson, who acted as their agent in the premises thereafter.   On September 8, 1896, Wilson brought suit to foreclose this mortgage, making as the defendants in said action the said Dahler, Marten B. Joost, the plaintiff herein, and also one Behrend Joost.   Dahler appeared, and filed a cross-complaint against the Misses Dore as the administratrices of their father's estate, upon which issue was joined.   On September 21, 1901, a judgment of foreclosure was entered in said action, and on October 18, 1901, the property was sold at foreclosure sale, and was bought in by the Misses Dore for the amount of the mortgage debt, no money passing, but the purchase price being credited on the judgment by agreement between Wilson and the purchasers.   A one-third interest in the certificate of sale was subsequently assigned by the Misses Dore to said Ada Johnson, and on April 22, 1903, a commissioner's deed was issued to these three, who have since been the apparent owners of record and in possession of the property.

Subsequent to the aforesaid sale and conveyance a new trial was granted in the foreclosure suit upon motion of the plaintiff herein, and upon the ground that neither the heirs nor personal representatives of Maurice Dore, Sr., were defendants to the foreclosure suit.   Upon appeal taken by Wilson from the order granting a new trial it was affirmed by this court (*Wilson* v. *Dahler*, 9 Cal. App. 500, [99 Pac. 723].) No new trial of the cause has yet been had, but subsequent to the decision of appeal Dahler transferred to the plaintiff herein all of the interest he held in the property at the time of the commencement of the foreclosure suit.   Thereupon

the plaintiff herein brought this action, setting up the foregoing facts, and praying the court to declare void said foreclosure sale, and restore him to all the rights and property which he and his assignor Dahler had prior to such judgment and sale. The trial court held in favor of the plaintiff, decreeing said foreclosure sale to be void and setting aside the same, and directing that the plaintiff be restored to his rights of possession and ownership in the property, and also adjudging that the plaintiff was entitled in an appropriate action or proceeding to an accounting from the said Misses Dore and Ada Johnson for the plaintiff's share of the income of said property derived by them during the time they had held possession of it under and by virtue of said judicial sale. From this judgment the Dore interests have prosecuted this appeal.

The first and main contention of the appellants herein is that the plaintiff is not entitled to maintain this action, for the reason that at the time the same was brought the foreclosure suit was still pending, in which the plaintiff herein might have procured all the relief that he seeks in this action. We think that this position on the part of the appellants is not well taken for several reasons. In said former action the record shows that some of the persons in interest were never directly brought before the court, and that the record is otherwise much complicated by transfers of interests in the property subsequent to the inception thereof. Besides, the supreme court, in a number of recent cases, has held that the owner of property or of an interest therein is not compelled, after the reversal of a judgment of foreclosure and sale, to have recourse only to the foreclosure suit for a reassertion of his rights to be restored to the possession and ownership of the property, but may bring an independent suit to have the record cleared of the ineffective decree and sale, and to have his possession of the property restored. (*Black* v. *Vermont Marble Co.*, 137 Cal. 683, [70 Pac. 776] ; *Cowdery* v. *London & S. F. Bank*, 139 Cal. 298, [96 Am. St. Rep. 115, 73 Pac. 196] ; *Ward* v. *Sherman*, 155 Cal. 287, [100 Pac. 864].) The fact that the purchasers at the foreclosure sale were the transferees of the mortgage and real parties in interest therein does not affect this question ; for not having been mortgagees in possession of the property prior to its judicial sale, but only becoming the possessors thereof by virtue of its

purchase at said sale, they cannot be permitted to derive any of those advantages which mortgagees in possession might have by virtue of a sale which has been set aside by the court which granted the decree upon which such sale was predicated.

The appellants further contend that the judgment in this case should be reversed because the court, having taken jurisdiction of the subject-matter, failed to award complete relief, but relegated the parties to some other proceeding for such further relief by way of accounting or otherwise, as may be proper. In view of the pendency of the former action, in which the financial relations of the respective parties or their predecessors are directly in issue, and in which complete relief can be obtained, and over which action the appellants herein as the real plaintiffs in interest have full control, the error, if any, of the court in not attempting to adjust the rather involved rights and obligations of the respective parties in this action, is one of which the appellants cannot be heard to complain.

The only other point made by the appellants meriting attention is that the defendant Dahler in the former action not having moved for a new trial therein, the judgment of foreclosure and sale therein must be regarded as final in so far as his interest in the property is concerned, and hence that the court in this action erred in so far as it undertook to grant the plaintiff herein any relief as the successor of the Dahler interest. It is true that the defendant Dahler in the former action did not move for a new trial, or otherwise resist the execution of the judgment therein; but it is also true that the order of the court in granting a new trial in that action was a general order, and as such, must be held to have applied to the entire judgment and to the interests of all of the defendants (*Kent* v. *Williams,* 146 Cal. 3, [79 Pac. 527]).

This disposes of every material point in the case.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 19, 1915.