[Civ. No. 2810. First Appellate District, Division One.—August 30, 1919.]

ELLA M. MURPHY, Respondent, v. ARTHUR F. BRIDGE, Administrator, etc., et al., Appellants.

[1] TRUSTS — HOLDING PROPERTY AS SECURITY — DETERMINATION OF OWNERSHIP IN PREVIOUS ACTION — NEW TRIAL—JUDGMENT NOT RES ADJUDICATA.—In an action in equity to have it adjudged that the legal title to the property in dispute was held by defendant's intestate in trust and as security for the debt of the husband of the plaintiff to said intestate, a judgment rendered in a previous action brought by a third party against all the parties to the case at bar, and relating to the same property, is not *res adjudicata* in the case at bar where a new trial was granted in such prior action, notwithstanding that in such prior action judgment was rendered against plaintiff in the case at bar and she did not make a motion for a new trial nor appeal from the judgment therein.

[2] NEW TRIAL—ORDER IN GENERAL TERMS GRANTING—EFFECT OF.— The effect of an order in general terms granting a new trial,

generally speaking, is to open up the entire case as to all the parties, regardless of the fact that some of them may not have moved for a new trial.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

Haven & Athearn for Appellants.

Edward C. Harrison and Maurice E. Harrison for Respondent.

KERRIGAN, J.—This is an appeal from an interlocutory decree adjudging plaintiff to be the owner of the real property described in the complaint subject only to a lien of defendant, May E. Bridge, for the unpaid balance of a certain debt. The suit is one in equity, brought by plaintiff against Arthur F. Bridge and May E. Bridge, as administrators with the will annexed of F. W. Bridge, deceased, and May E. Bridge, individually, to have it adjudged that the legal title to the property in dispute was held by F. W. Bridge in his lifetime in trust and as security for the debt of Herman Murphy, husband of plaintiff, to F. W. Bridge.

The complaint alleges that the debt has been practically all paid, and the prayer is that plaintiff be adjudged to be the owner in fee of the property, subject only to the lien of any unpaid balance upon the debt, and that an accounting be had to ascertain such balance, if any. Judgment went for plaintiff in conformity with her prayer. Defendants moved for a new trial, which motion was denied. From the interlocutory decree defendants have appealed.

The record title to the property in dispute is now in defendant, May E. Bridge, as the successor in interest of F. W. Bridge, deceased, having been distributed to her under a decree of partial distribution in the estate of F. W. Bridge, deceased. [1] The only ground upon which a reversal of the judgment is sought is the action of the trial court in rejecting as evidence the judgment-roll in an action entitled "*Miller* v. *Murphy*," in which action it is claimed the rights of the parties to the property in dispute have been definitely

settled, and that the judgment rendered therein is *res adjudicata* in the instant case.

The suit of *Miller* v. *Murphy* was one brought by the plaintiff therein against Ella M. Murphy and Herman Murphy, her husband, and F. W. Bridge and others, as defendants, to have it determined that the title to the property here involved was held by F. W. Bridge subordinate to and subject to the claim of such plaintiff. In that action plaintiff herein and F. W. Bridge answered, denying generally all the allegations of the complaint. Defendant Bridge, in his answer, further alleged that he was the sole owner of the property, and prayed that it be adjudged that neither Miller nor defendants, Herman Murphy or Ella M. Murphy, had any interest therein. The court, after a trial of that case, found that defendant F. W. Bridge was the owner of the property, and that he did not hold the same subject to any claim of the plaintiff whatsoever, and that none of the other defendants had any right, title, or interest in the property. Accordingly, it was adjudged and decreed that defendant F. W. Bridge was the owner thereof. Thereafter the plaintiff Miller moved for a new trial, which motion was granted. Plaintiff herein, Ella M. Murphy, made no such motion, nor did she appeal from the judgment. Beyond question the judgment was the one she desired, for the record herein discloses the fact that she and her husband co-operated with Bridge in procuring it. It is the appellant's contention that as between defendant F. W. Bridge and his codefendant, Ella M. Murphy, the judgment in the suit of *Miller* v. *Murphy* became final, and that the judgment definitely determined the status of the property involved as between them, for the reason that the subject matter in that case was the same as the subject matter of the instant case, and that, therefore, the judgment rendered therein is *res adjudicata* in the case at bar.

This contention presents two questions—first, Was the judgment as originally rendered in *Miller* v. *Murphy* an adjudication upon the claim of the plaintiff in this case? and, second, if it was, did the granting of a new trial in that case have the effect of entirely vacating the judgment as such an adjudication?

The principles involved in the first question, namely, whether or not the pleadings in *Miller* v. *Murphy* raised an issue which was or could have been litigated between the

parties hereto, or whether or not they were adverse parties within the meaning of that term, are questions we do not deem it necessary to discuss or determine, for we are of the opinion that the order granting a new trial in *Miller* v. *Murphy* vacated and terminated the judgment rendered therein.

[2] The order granting the new trial was general in its terms. The effect of such an order, generally speaking, is to open up the entire case as to all the parties regardless of the fact that some of them may not have moved for a new trial. (1 Hayne on New Trial and Appeal, sec. 167; *Kent* v. *Williams*, 146 Cal. 3, [79 Pac. 527]; *Joost* v. *Dore*, 27 Cal. App. 729, [151 Pac. 29].)

It is appellants' contention, however, that the rule applies only where the judgment is such that it could not be set aside as to one without being set aside as to all, and that the rule has no application where the judgment is severable. Conceding this to be true, no such situation is here presented. The motion for a new trial and the order granting the same were both general in terms. The judgment was predicated upon the issues tendered between the plaintiff and all the defendants, and was rendered against all of them; and the subsequent order, general in its terms, granting a new trial, vacated the entire judgment and had the effect of placing the parties in the position they held before any trial had taken place. Undoubtedly, the parties herein could have litigated, under appropriate pleadings in the Miller case, the rights here involved, but no such relief was sought by them, they contenting themselves in that case with defeating the claim of the plaintiff therein.

For the reasons given the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

' A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1919.

All the Justices concurred.