[No. 19843.   Department Two.   December 3, 1926.]

INEZ M. COLLINS, *Respondent,* v. L. W. WARNER,
*Appellant.*[1]

[1] PARTIES (52)—NONJOINDER OF PARTY PLAINTIFF—WAIVER OF OB-
JECTIONS. In an action of replevin by a married woman, defect
of parties plaintiff in failure to join  the husband is waived
where no objection was made by demurrer or answer, and at the
beginning of the trial it was made to appear that the plaintiff
had secured a divorce and restoration of her maiden name since
the commencement of the action.

[2] REPLEVIN (36)—TITLE AND RIGHT TO POSSESSION—EVIDENCE—
SUFFICIENCY. An unlawful taking of possession is sufficiently
shown in replevin for an automobile, purchased under condi-
tional sales contract and paid for in full by exchange of two sets
of rings, where the vendor summarily retook possession because
the rings were found to be of no value.

[3] REPLEVIN (36)—DAMAGES—AMOUNT AWARDED—CONTRACT. In
replevin for an automobile, it is error to allow damages for the
detention of the car (which could not be returned) in excess of
interest on its value, in the absence of any evidence that it had
a usable value.

Appeal from a judgment of the superior court for
King county, Hon. C. E. Claypool, judge *pro tempore,*
entered February 16, 1925, upon the verdict of a jury
in favor of the plaintiff, in an action of replevin.
Modified.

*Bausman, Oldham & Eggerman,* for appellant.
*E. W. Hoffman,* for respondent.

ASKREN, J.—This is an appeal from a judgment, en-
tered upon the verdict of a jury in favor of plaintiff,
in a replevin action seeking the return of an automo-
bile or the value thereof, together with damages.

[1]Reported in 251 Pac. 288.

Plaintiff was the purchaser, on a conditional sale contract from Bill Warner, Inc., of a Hupmobile automobile. In April, 1922, she paid the balance due upon the contract by the exchange of two set rings. The contract was thereupon settled, marked "paid in full", and bill of sale issued to plaintiff. Immediately thereafter, the defendant Warner ascertained that the rings, which both parties believed to be diamonds, were, in fact, either white sapphires or glass, and their value less than one-tenth of the balance due upon the contract which they had been taken in exchange for. Being unsuccessful in adjusting the matter with plaintiff, the defendant decided on summary action and went to an automobile garage in Tacoma, where plaintiff had placed the Hupmobile for sale, and took possession of it. In answer to the complaint asking for the return of the car, or its value, together with damages for its use, the defendant, Warner, set up an affirmative defense that the contract was in default at the time the automobile was taken from the garage in Tacoma.

The only evidence that the contract was in default was the evidence we have just detailed, which proceeds upon the assumption that the contract was in default by reason of the fact that the rings which had been taken in full settlement of the balance due on the contract were not what the parties had thought. The evidence showed that the car, after being taken possession of by the defendant, was sold and could not be returned to plaintiff. The jury returned a verdict for plaintiff in the sum of $780 as the value of the car, and awarded $250 damages for the use thereof.

[1] Upon appeal, it is urged by appellant that the court should have dismissed the action, because respondent was a married woman at the time she purchased the car in question. It did not appear upon the face of the complaint that respondent was married,

other than that the caption was headed "Inez M. Collins, also known as Mrs. Harry E. Collins". Announcement was made, however, at the beginning of the trial, by counsel for respondent, that, since the bringing of the action in September, 1923, a divorce had taken place, and in the final decree, the former name of Inez M. Hoyt had been restored to respondent. No objection was made at any time during the progress of the case to indicate that appellant claimed there was any defect of parties, or that the former husband of respondent had any interest in the cause of action. All the pleadings and evidence indicated that the car was the separate property of plaintiff, although it must be admitted that there was no direct evidence specifically stating that the former husband had no interest in it. We think, under our decisions, that since the question was not raised, either by demurrer or answer, and the substitution of names calling attention to the former marriage being made without objection at the beginning of the trial, the objection was waived. Rem. Comp. Stat., § 263 [P. C. § 8350]; *Hansen v. Hansen,* 110 Wash. 276, 188 Pac. 460.

[2] It is next contended that there was no evidence that the automobile was unlawfully taken. Leaving out of consideration the fact that respondent had paid her contract in full to Bill Warner, Inc., from whom she purchased the car, and that possession was taken by appellant as an individual, and he was sued as such, it is clearly apparent from the facts we have detailed that, at the time possession was taken by appellant, respondent was not in default.

[3] The last error urged is that the court erred in permitting the jury to assess damages for the reasonable use of the car during the time it was kept by appellant. This assignment of error is well taken. Assuming that the evidence shows that the car had a usable value,

the respondent offered no evidence whatever as to what that value was. In the absence of any testimony as to the value of its use, the jury could only speculate upon this item. The only amount, therefore, that could be legally recovered as damages would be interest upon the value of the property detained. (34 Cyc. 1560.) The value of the car, as found by the jury, was $780. The legal interest on this amount, from the time it was taken from respondent's possession until the time of trial, would be $87.10. The difference between the legal interest and the amount allowed as damages is $162.90.

The judgment will be modified by reducing the amount thereof $162.90. Appellant recovers costs.

TOLMAN, C. J., MACKINTOSH, BRIDGES, and PARKER, JJ., concur.