[Civ. No. 3695. Third Appellate District.—January 23, 1929.]

W. A. BRANDENBURGER, as Trustee, etc., Respondent, v. EDITH M. HANNER et al., Appellants.

Huston, Huston & Huston for Appellants.

Chauncey H. Dunn and Ralph H. Lewis for Respondent.

PLUMMER, J.—This action was brought by a trustee in bankruptcy to recover the assets of a bankrupt estate consisting of a herd of cattle alleged to number eighty-five Ayrshire cows and heifers and one bull. The court found that of the cattle claimed plaintiff was entitled to sixty-five or more, and also that the defendant Edith M. Hanner owned twenty-six animals which were described by name, ear-tag numberings, and body markings. The cause is before us upon a statement on appeal or bill of exceptions by the defendant on her appeal from the judgment of the trial court awarding the plaintiff sixty-five head of cows and heifers, or more, and one bull, and also finding that the defendant was the owner of only twenty-six head of cattle.

The specifications of error are two in number and read as follows:

"I.

"There is no evidence to justify and to support finding number 4 insofar as it finds that the bankrupts were the owners of, or in possession of any greater number of cattle than 65 head of cows and heifers and one bull.

"II.

"There is no evidence to justify or support finding number 10 insofar as it finds that plaintiff has been, and now is damaged in the sum of $345.00, by the wrongful detention of the cattle."

Notwithstanding the fact that specification of error number 1 is limited to the lack of testimony to support the words "or more," appellant has proceeded in her brief to argue that finding number 4 is uncertain and not sufficient to support the judgment. A number of cases are cited to the effect that the findings should be clear and definite, should not be contradictory, must support the judgment, must respond

to the material issues, and that there must be a finding upon all the material issues. It would serve no useful purpose to review these cases, for the simple reason that the only valid objection to finding number 4 rests upon the appearance of the words "or more," in referring to sixty-five head of cows and heifers, to which the plaintiff was found to be entitled. The respondent has, as we understand the record, consented that the words "or more," be stricken from the findings, from the conclusions of law, and from the judgment. The complaint sets forth in its first count that a certain band of cattle belonging to the bankrupts, consisting of eighty-five head of Ayrshire cows, one heifer and one bull, were in the possession of the said bankrupts and the said Edith M. Hanner. The second count sets forth that said cattle are wrongfully withheld from the plaintiff, to the plaintiff's damage, etc., in an amount alleged. The third count in the complaint alleges that a transfer was made by the said bankrupts to the said Edith M. Hanner, of the cattle mentioned in the complaint as security, within four months of the adjudication of the bankruptcy of the partnership of John W. Hanner and Elmer R. Hanner, and the individual members thereof; that the transfer was void, as being an attempt to give a preference by said bankrupts to the said Edith M. Hanner.

The findings of fact are to the effect that Edith M. Hanner is entitled to and owns certain cows and heifers to the number of twenty-six, and particularly described said cattle by name, tag-numbers, and body-markings, and that the remainder of the herd of cattle, consisting of sixty-five, or more, cows and heifers and one bull belonging to the bankrupts and constituted a portion of the estate of said bankrupts. Also, the court found the various facts showing that the plaintiff was entitled to the estate of said bankrupts. It was further found that the defendant, Edith M. Hanner, wrongfully withheld the possession of said cattle from the plaintiff, to the damage of the plaintiff in the sum of $345. The court further found that the value of the cattle was of the aggregate sum of $5,375, being the sum of $500 for the one bull and $75 for each of the cows and heifers. The court found, as just stated, that plaintiff was damaged by the detention of said cattle, in the sum of $345. The sum of $345 is the equivalent of seven per cent of the

value of the cattle, for the period that the same were with-held from the possession of the plaintiff.

There is no claim whatever that the evidence is insufficient to support the finding of the court that the defendant Edith M. Hanner was the owner of only twenty-six head of said band of cattle. The answer of the defendant Edith M. Hanner laid claim to all of said cattle by reason of the transfer herein referred to, but was found by the court to be the owner of only twenty-six head thereof, and, as just stated, no question is made as to the sufficiency of the evidence to support such finding. This of itself would be sufficient to sustain the judgment, on the theory that the appellant is uninjured by the finding of the court, other than that appellant might be held liable for more than sixty-five head of cattle, the possession of which she has withheld from the plaintiff, by reason of the use of the words "or more," but with the striking out of these words from the judgment, the appellant stands before this court, so far as the record is concerned, absolutely uninjured.

We find no merit in appellant's second specification of error. Section 667 of the Code of Civil Procedure allows a successful plaintiff to recover damages for the detention of personal property. The law appears to be well settled that unless greater damages are shown, the plaintiff, without proof of any special damages, is entitled to be compensated by recovering an amount equal to interest on the value of the property from the time of the taking or from the time of the demand for a return thereof to the date of the verdict. (*Schmidt* v. *Nunan,* 63 Cal. 371; *Black* v. *Vermont Marble Co.,* 137 Cal. 683 [70 Pac. 776]; *Kelly* v. *McKibben,* 54 Cal. 192; *Collins* v. *Warner,* 141 Wash. 162 [251 Pac. 288].)

Section 667 of the Code of Civil Procedure also provides that a judgment for the recovery of personal property may be an alternative. (See, also, *Claudius* v. *Aguirre,* 89 Cal. 501 [26 Pac. 1077]; *Erreca* v. *Meyer,* 142 Cal. 308 [75 Pac. 826].) The reasoning of both of these cases support the entry of a judgment in the alternative. We find nothing in the case of *Lowe* v. *Ozmun,* 137 Cal. 257 [70 Pac. 87], cited by appellant, which limits a judgment in an action for recovery of personal property to one or the other of the

alternatives mentioned in section 667 of the Code of Civil Procedure.

· While no tangible injury has been shown to appellant by the use of the words "or more," in the judgment in this case, yet as respondent has consented to the elimination of said words and has not sought to show that the evidence warranting the use of such words was sufficient to support their appearance in the findings, it is ordered that the judgment be modified by striking therefrom the words "or more" wherever said words appear in the judgment. It is further ordered that in all other respects the judgment be, and the same is hereby affirmed. It is further ordered that the respondent have and recover his costs incurred upon this appeal.

Finch, P. J., concurred.