[No. 25330.   Department One.   March 27, 1935.]

GRACE DUNN, *Respondent,* v. GUARANTY INVESTMENT
COMPANY, *Appellant,* ROY W. TREZISE, *as Sheriff
of Pacific County, et al., Defendants.*[1]

*Fred M. Bond,* for appellant.
*John J. Langenbach,* for respondent.

MAIN, J.—This action was brought to have trans-
ferred to the superior court a proceeding to foreclose
a chattel mortgage by notice and sale through the
sheriff's office, for the recovery of the possession of
an automobile, and for damages for its detention. The
trial resulted in findings of fact from which it was
concluded that no foreclosure of the mortgage could
be had, that the plaintiff was the owner and entitled
to the possession of the automobile and damages for
its detention in the sum of $82.50.   From the judgment

[1] Reported in 42 P. (2d) 434.

entered in accordance with the findings and conclusions, the defendant Guaranty Investment Company appeals.

The facts, as found by the trial court, may be summarized as follows: October 27, 1933, the then husband of the respondent transferred to her a Chrysler automobile, which they previously had owned as community property. Since the first day of November, 1933, the automobile has been in the sole and exclusive possession of the respondent, either in Astoria, Oregon, or Pacific county, this state. The respondent and her husband have been living separate and apart, beginning about the time, or a short time before, she left Pierce county and took the automobile to Pacific county. After going to Pacific county, the respondent brought an action for divorce against her husband, and an interlocutory decree was entered January 12, 1934.

On or about the first day of December, 1933, C. C. Dunn, the then husband of the respondent, executed and delivered to the assignor of the appellant, the Guaranty Investment Company, a chattel mortgage upon the automobile, in Tacoma, but the automobile was not in that city at the time and was not seen or examined by any of the parties to the chattel mortgage. Thereafter, the mortgage was duly filed for record in Pierce county, but was never recorded in Pacific county, where the automobile had previously been taken.

February 18, 1934, the appellant, acting by and through its authorized agents, without legal right and forcibly, removed the automobile, which was locked and parked in front of respondent's residence in Ilwaco, Pacific county, from the possession of the respondent. The removal of the automobile was intercepted by the sheriff of that county and taken from

the possession of the agents of the appellant, since which time it has been in the custody and possession of the sheriff of Pacific county. Thereafter, the appellant, as indicated, sought a foreclosure of the chattel mortgage by notice and sale through the office of the sheriff of Pacific county. After that proceeding had been started, the present action was instituted.

The principal question in the case is whether the respondent was the legal owner of the automobile as her separate property, and entitled to the possession thereof. Upon this question, the respondent testified unequivocally as to the transaction between her and her husband when the transfer took place, and the good faith thereof. The testimony of the respondent is not disputed by any other evidence. The appellant says that her testimony is unworthy of belief. After seeing and hearing her testify, the trial court apparently believed her and made a definite finding as to her ownership of the automobile. Assuming, without so deciding, that the rule applied in some cases to the effect that evidence upon a transaction between husband and wife should be closely scrutinized is applicable in this case, the evidence meets this test. The record furnishes no reason why the testimony of the respondent should be disbelieved.

With reference to the keeping of the car, either at Astoria, Oregon, or in Pacific county, the respondent is corroborated by very substantial testimony. In opposition to this, however, there was some contradictory evidence. Upon this branch of the case, we conclude that the trial court correctly found that the automobile, by reason of the transfer to the respondent by her husband, became her sole and separate property, and that it had been in her possession, either in Astoria, Oregon, or in Pacific county, since about the

first of November, 1933, up to the time it was wrongfully taken from her, as above stated.

Upon the question of the amount of damages, little need be said. The trial court carefully considered this matter, and the amount found is well within the evidence. At the time of the trial, the respondent had been deprived of the use of the automobile for approximately three months. The case of *Collins v. Warner,* 141 Wash. 162, 251 Pac. 288, only holds that, in the absence of any testimony as to the value of the use of an automobile while the owner has been wrongfully deprived thereof, the measure of damages is the legal interest on the value of the automobile. Where the evidence, as in the case now before us, shows the value of the use, that is the measure of damages. *Gaffney v. O'Leary,* 155 Wash. 171, 283 Pac. 1091; *Elder v. Massachusetts Mortgage Co.,* 159 Wash. 450, 293 Pac. 711, 85 A. L. R. 638.

The judgment will be affirmed.

MILLARD, C. J., BEALS, TOLMAN, and GERAGHTY, JJ., concur.