[L. A. No. 4027.    In Bank.—November 13, 1917.]

## MERCANTILE TRUST COMPANY OF SAN FRANCISCO (a Corporation), Appellant, v. SUNSET ROAD OIL COMPANY et al., Defendants; KERN VALLEY BANK et al., Respondents.

MORTGAGE—FORECLOSURE AND SALE—APPEAL—NEW TRIAL—FAILURE TO LIMIT TO PARTICULAR ISSUES — HARMLESS ERROR.—Where, after judgment of foreclosure and sale of property under a trust deed securing a bond issue, a new trial is granted by the trial court on motion of a cross-complainant, who claimed priority of right to participate in the proceeds as between such cross-complainant and other defendants who held some of the bonds, which was the sole question raised by the cross-complaint, and there was no dispute at the trial concerning the validity of the trust deed, or the right of the plaintiff to a foreclosure, the order should properly have limited the new trial to the issues arising upon the cross-complaint, but in view of the circumstances of the case at bar, the failure to so limit the issues was unimportant, and rendered unnecessary a modification of the order.

ID.—VACATING JUDGMENT—RIGHTS OF BONDHOLDERS AS PURCHASERS.— Where a mortgage securing a bond issue provided that, in case of a foreclosure, any holder of bonds who became the purchaser might use his bonds toward payment of his bid, each holder of bonds had a direct interest in the validity of all other bonds, and a controversy as to the priority of heirs of various bondholders, which is litigated in an action for foreclosure, while it would not prevent a foreclosure, would make it necessary to postpone the sale until the matter could be determined, and therefore a trial court, which grants a new trial after judgment, on the motion of a cross-complainant, who has, by his cross-complaint, raised such issues as to the priority of his bonds over those held by other defendants, does not err in vacating the judgment of foreclosure, and not permitting it to stand in order that the sale take place without delay.

APPEAL from an order of the Superior Court of Kern County granting a new trial.   H. A. Peairs, Judge.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, and A. E. Shaw, for Appellant.

Gavin McNab, R. P. Henshall, and Jno. E. Bennett, for Certain Defendants.

A. A. De Ligne, Donzel Stoney, and Denman & Arnold, for Respondents.

SHAW, J.—This is an appeal by the plaintiff from an order granting the motion of the Kern Valley Bank and W. R. Williams, superintendent of banks, for a new trial of the action, being the same order that was under consideration in the appeal of other persons from said order, numbered on our register of actions L. A. No. 3996, (*ante,* p. 451, [168 Pac. 1033]).   We refer to the decision in that case for a more complete statement of the nature of the action.

The issues tendered by the Kern Valley Bank and Williams, in the cross-complaint, do not affect the right of the plaintiff to foreclose the trust deed, set forth in its complaint.   The questions raised related solely to the rights of different holders of bonds purporting to be secured by the trust deed, to participate in the proceeds of the foreclosure sale.   The plaintiff contends that the order granting a new trial should not extend to the entire case so as to require it again to prove such allegations of its complaint as may be controverted by the answers of the various parties.   This point is well taken. There was no dispute at the trial concerning the validity of the trust deed or the right of the plaintiff to a foreclosure thereof.   The order granting a new trial might well have excluded from its operation all issues arising upon the complaint itself and limited the new trial to the issues arising upon the said cross-complaint.   The matter, however, is practically of no importance, for we do not understand that there are any issues taken upon the allegations of the complaint, except mere formal denials which were not insisted upon at the trial, and which cannot be successfully supported upon a

new trial. If they are insisted upon, no appreciable time will be required to dispose of them upon such new trial. For these reasons we do not deem it necessary to modify the general order granting the new trial.

The plaintiff further insists that since its right to foreclose the trust deed is not in fact disputed by cross-complainants, the court below should not have vacated the judgment of foreclosure, but should have ordered a new trial only of the issues made upon the cross-complaint, leaving the judgment of foreclosure to stand, to the end that the plaintiff may proceed to sell the property covered by the trust deed without delay, and that the controversy over the right of the respective bondholders to priority should be postponed until after such sale, and reduced to a controversy over the application of the proceeds. The provisions of the trust deed dispose of this contention adversely to the plaintiff. It provides that in case of a sale under foreclosure thereof, any holder of bonds may bid for the property at such sale, and that if his bid is accepted he may, in settling the same, use toward its payment the bonds and coupons thereon held by him at the time, if the sale produces enough to pay the entire debt, interest, and costs, or his just share of such proceeds, if there is a deficiency. This right being secured to each bondholder by the deed of trust itself, it follows that each has a direct interest in the validity of the bonds held by the other bondholders, and that if there are any circumstances which estop one of such bondholders from asserting an equality of his bonds with the others, or with any one of them, the person so entitled to such estoppel has the right to have such dispute determined prior to the sale, in order that he may know the amount of money he must produce in case he should bid at such sale. While this would not prevent a foreclosure of the trust deed, it does make it necessary to postpone the sale until the matter can be determined. The question was before the court with respect to this deed of trust and this foreclosure thereof, in *Mercantile Trust Co.* v. *Miller,* 166 Cal. 568, [137 Pac. 913]. It was there determined that the Kern Valley Bank, and the superintendent of banks in its behalf, had an interest in the determination of this question, before the judgment and sale, and therefore that they had a sufficient interest to authorize them to appeal from the judgment. It is not true, as contended by the plaintiff, that all of the justices concur-

ring in that judgment did not agree to this proposition. The concurrence in the judgment was of necessity a concurrence in the proposition stated. As we have held in case No. 3996, (*ante*, p. 451, [168 Pac. 1033]), aforesaid, that the order granting a new trial upon the cross-complaint should be affirmed, and have so ordered, it follows from what is said above that the order granting a new trial of the entire case is not prejudicially erroneous with respect to plaintiff.

The order is affirmed.

Sloss, J., Melvin, J., Victor E. Shaw, J., *pro tem.,* Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.