[L. A. No. 5681. In Bank.—July 11, 1918.]

## MERCANTILE TRUST COMPANY OF SAN FRANCISCO (a Corporation), Petitioner, v. SUPERIOR COURT IN AND FOR THE COUNTY OF KERN, and HONORABLE HOWARD A. PEAIRS, Judge, Respondents.

NEW TRIAL—ORDER GRANTING—EFFECT ON DEFENDANTS IN DEFAULT.— As to defendants in a foreclosure case who did not appear, and as to whom defaults were duly entered, followed by the findings and decree of the trial court in conformity with the averments and prayer of the complaint, which decree has become final, there need be and can be no retrial of the case, upon an order granting the motion of other defendants for a new trial, since, as to these defendants in default, there are no issues which remain to be tried, the judgment itself being conclusive of every fact which has been determined against them.

ID.—SEPARATE MOTIONS OF SEVERAL DEFENDANTS—MOTION ON BEHALF OF ONE SET OF DEFENDANTS GRANTED — EFFECT OF REVERSAL OF ORDER.—Where, in a foreclosure suit, separate motions for a new trial were made by several sets of defendants, the motion of one defendant being addressed to that portion of the finding and decree of the trial court which subordinated the interests of the moving defendant in portions of the mortgaged property to the lien of the plaintiff's mortgage, and that motion was granted by the trial court but the order was afterward reversed by the supreme court, which latter court, however, affirmed an order of the trial court, granting the motion of an intervener for a new trial upon other issues specially tendered by a cross-complaint in intervention, there need be and can be no retrial of the case as to the defendant or set of defendants first mentioned, for the original judgment, as to them, having been restored and become a finality by the reversal of the order granting a new trial, there are no issues as to them remaining to be tried.

ID.—INTERVENTION—GENERAL ORDER GRANTING MOTION FOR NEW TRIAL OF AN INTERVENER—ISSUES TO BE TRIED RESTRICTED.—Where, in such case, an intervener moved for a new trial of certain issues which arose out of the averments of the cross-complaint in intervention of such intervener and the answers thereto of defendants whom the intervener had caused to be brought in, which issues had been decided against the intervener, and the trial court made a general order granting a new trial on the said motion of the intervener, and the last-mentioned order was affirmed by the supreme court, such general order granting a new trial could not be construed or held to be any broader than the motion which formed its predicate, nor

than the issues which, in said motion, it was urged the trial court had erroneously determined.

ID.—FORECLOSURE—AMOUNT OF INDEBTEDNESS—COUNSEL FEES.—Where, in an action for the foreclosure of a trust mortgage securing a bonded indebtedness, the findings of the court determined the amount of the indebtedness, and based on this finding determined the amount reasonable to be awarded to the plaintiff as counsel fees, a subsequent order granting a new trial generally reopened both of these questions for retrial.

PROHIBITION—APPLICATION TO RESTRICT RETRIAL OF ISSUES ON A NEW TRIAL—ASSUMPTION BY SUPREME COURT AS TO ACTION BY SUPERIOR COURT.—Where the supreme court in deciding appeals from separate orders granting and denying new trials in behalf of several defendants has, by the affirmance of one of the orders granting a new trial in favor of an intervener, left certain issues in a foreclosure suit to be retried, such issues not affecting the right of the plaintiff to foreclose, but relating solely to the rights of different holders of bonds to participate in the proceeds of the foreclosure sale, and thereafter application is made to the supreme court by the plaintiff in the foreclosure suit for a writ of prohibition to restrain the superior court from proceeding with the new trial, upon averments in the application for preventive relief that the superior court and the judge thereof will, unless restrained, "proceed to retry all the issues" arising in said cause against each and all the defendants, and that the plaintiff will be compelled to incur large expense in the retrial of said cause, the supreme court, in the absence of a positive showing to the contrary, must assume that the trial court, upon the retrial, will be guided and governed by the appellate decision.

ID.—PETITION FOR WRIT—AVERMENT OF CONCLUSION INCONSISTENT WITH FACTS.—Where, under the decision of the supreme court in affirming an order granting a new trial of a foreclosure suit on the motion of an intervener, the only issues arising or existing are those which different holders of bonds, purporting to be secured by the trust deed, under foreclosure, have created as between themselves by the cross-pleadings in the case, and with which the trial court was dealing in its order granting a new trial, an averment in a petition by the plaintiff to the supreme court for a writ of prohibition to the effect that the trial court "proposes to retry all the issues arising in said cause under plaintiffs' said amended complaint as against each and all of the defendants therein named" was the statement of a condition which could not possibly exist, and, therefore, it did not sufficiently appear from the petition that the trial court was proposing to try any other issues than those existing in the case, in its then present state.

CLXXVIII Cal.—33

TRIAL—"ISSUES" DEFINED.—"Issues" in a case do not arise or exist so as to require trial upon the mere filing of a complaint, but only upon joinder of issue through appropriate denials of the averments of the complaint, or through affirmative defenses or pleas deemed or required to be denied by the plaintiff, or by other defendants, as the case may be.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Kern County and to Honorable Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

A. E. Shaw, and Morrison, Dunne & Brobeck, for Petitioner.

A. A. De Ligne, Donzel Stoney, and Denman & Arnold, for Respondents.

RICHARDS, J., *pro tem.*—This is an application for a writ of prohibition to be directed to the superior court of the county of Kern and Honorable Howard A. Peairs, judge of said court, commanding said court and judge to refrain and desist from taking any further proceedings in the matter of retrying certain issues in the case of Mercantile Trust Company of San Francisco, Plaintiff, *v.* Sunset Road Oil Company, Union Oil Company, Citizens National Bank, Union Lumber Company, King Lumber Company, Kern Valley Bank, M. E. Webster, W. H. Coon and Stephen Price, Defendants, now pending in said court and before said judge. The facts upon which this application is predicated are the following: The above-named action is one instituted for the foreclosure of a mortgage or trust deed executed to the plaintiff by the defendant, Sunset Road Oil Company, on July 15, 1905, covering all of its real and personal properties situate in the county of Kern, which said properties were, by the terms of said instrument, transferred to the said Mercantile Trust Company in trust and as security for a bonded indebtedness of the said Sunset Road Oil Company, to be evidenced by certain bonds issued or to be issued by said last-named company and which bonds were issued and sold to various persons. Thereafter, and on May 10, 1911, the said plaintiff filed an amended complaint in said action, wherein, after re-

peating the averments of its original complaint as to the execution of the mortgage or trust deed and the amount due and unpaid thereon by the Sunset Road Oil Company, the plaintiff alleged that under and pursuant to the provisions of said mortgage or deed of trust providing for a bond issue, the defendant, Sunset Road Oil Company, had from time to time issued to divers persons bonds aggregating in face value the sum of one million five hundred thousand dollars, which said bonds were outstanding and unpaid. The plaintiff also averred that certain of the defendants other than the Sunset Road Oil Company claimed certain rights or interests in or liens upon the mortgage properties which plaintiff alleged to be subsequent, subordinate, and subject to the rights of the plaintiff in and to said properties. The plaintiff prayed for a foreclosure of its said mortgage or deed of trust, and "that the court fix and determine the number and amount of the bonds of said Sunset Road Oil Company now outstanding and the amount due on each thereof." The only defendants who appeared in the first instance to set up any interest in the mortgaged premises adverse to that of the plaintiff existing by virtue of its said mortgage or deed of trust were the defendant Union Oil Company of California and the defendants Coon and Price. These claimed to have acquired some interest in said mortgaged premises superior to the plaintiff's said mortgage. At some time subsequent to the filing of plaintiff's amended complaint W. R. Williams, state superintendent of banks, appeared for and on behalf of the defendant Kern Valley Bank and filed what purported to be an answer, cross-complaint, and complaint in intervention, from the averments of which it appeared that the Kern Valley Bank had become insolvent and had been taken possession of by the said W. R. Williams, as state superintendent of banks, and was in process of liquidation by him; that the said Kern Valley Bank was the owner or holder of the bonds of the Sunset Road Oil Company to the extent of four hundred and fifty-nine thousand four hundred dollars, the face value thereof, together with unpaid interest thereon since January 1, 1908, at the rate of five per cent per annum. The answer of the said superintendent of banks, acting on behalf of the Kern Valley Bank, admitted the averment of the plaintiff's amended complaint to the effect that there were one million five hundred thousand dollars of issued, outstanding, and un-

paid bonds of the Sunset Road Oil Company, but denied that any of said bonds other than those owned by Kern Valley Bank, aggregating the sum of four hundred and fifty-nine thousand four hundred dollars, were issued for any consideration whatever, and affirmatively alleged that each and every one of the said bonds of the Sunset Road Oil Company other than those so held by the Kern Valley Bank were wrongfully and improperly issued and without any consideration therefor moving to said Sunset Road Oil Company. Whatever other averments the said answer contains upon this subject are mere conclusions of law based upon its averment that all of such bonds other than those held by the Kern Valley Bank were issued without consideration. By the said crosscomplaint and so-called complaint in intervention of the superintendent of banks certain other persons in addition to those already defendants in the action, to wit, W. S. Tevis, C. N. Beal, H. H. Blodgett, Canadian Bank of Commerce, and Western Metropolis National Bank, were brought into the action as defendants, the said cross-complainant alleging as to them a state of facts which it averred rendered the issue of a large block of the bonds of the Sunset Road Oil Company to said later named defendants void. The cause went to trial upon the issues as thus made up. The only issue which was presented requiring other than merely formal proof on the part of the plaintiff was that joined by the defendants Union Oil Company and Coon and Price through the claim of these defendants, that they held certain leases upon the mortgaged premises which were superior to the plaintiff's mortgage. There was also the question as to the amount in value of bonds actually or properly issued by the Sunset Road Oil Company which the plaintiff's mortgages secured, but this was an issue which arose out of the averments of the so-called cross-complaint and complaint in intervention of the superintendent of banks, representing the Kern Valley Bank, and the answers thereto presented by the defendants which it had caused to be brought in. Upon the trial of the cause the plaintiff presented its formal proofs as to the making and execution of the mortgage or deed of trust to it, and also made its showing as to the superiority of its lien over the alleged rights and interest of the Union Oil Company, Coon, and Price. The main battle was between the cross-complainant, W. R. Williams, representing, as super-

intendent of banks, the Kern Valley Bank, and the defendants it had caused to be brought in. Upon the trial and submission of the cause the court made its findings and rendered its judgment in the plaintiff's favor upon the matter of the making, execution, and delivery of the mortgage or deed of trust to it. The court also found and rendered judgment in the plaintiff's favor upon the issue of the priority of its lien over the claims or interest of Union Oil Company, Coon, and Price, who had answered, claiming that their said rights and interests were superior to the plaintiff's lien. The court also adjudged that the alleged claims or interests of those other defendants who had not appeared were to be subordinated to the lien of plaintiff's mortgage and deed of trust. Upon the issue presented by the cross-complaint as to the amount of outstanding bonds of the Sunset Road Oil Company which the plaintiff's mortgage or deed of trust secured the court found that the Sunset Road Oil Company was indebted in the sum of one million four hundred and fifty-nine thousand dollars principal and $368,749.80 interest, fifty thousand dollars trustees' and attorneys' fees, and $4,082.56 costs and disbursements, all of which was secured by the plaintiff's lien, the foreclosure of which was decreed. As to this issue and the finding and decree of the trial court thereon it is plain that the plaintiff, as the mere trustee for the bondholders, was not materially affected, but that, on the other hand, the Kern Valley Bank and its representative, W. R. Williams, as superintendent of banks, in charge of its affairs, were the parties actually aggrieved. While it is true that the plaintiff, as a predicate to its asserted right to the foreclosure of its mortgage or deed of trust, stated in its complaint the amount of the outstanding indebtedness of the Sunset Road Oil Company as the same appeared upon the face of its issued bonds, the fact is that the real issue upon this subject was the one arising upon the cross-complaint or so-called complaint in intervention of the Kern Valley Bank and its representative, and the answers thereto filed on behalf of the defendants which it had caused to be brought into the case, and whose holdings of certain of the bonds of the Sunset Road Oil Company it had assailed. Upon the issues thus framed the court found against the Kern Valley Bank and its representative and decreed that it take nothing by its cross-complaint in intervention. After the entry of the decree of the trial court

disposing of these several matters, two separate motions for a new trial were made, one by the Union Oil Company, addressed to that portion of the finding and decree of the court which subordinated its interests in portions of the mortgaged property to the plaintiff's lien; the other by and on behalf of the Kern Valley Bank, wherein the findings and decree of the trial court upon the issues specially tendered by the cross-complaint in intervention were assailed. Both of said motions for a new trial were granted by the trial court on June 16, 1914, its order in each instance being in general terms. Several appeals were taken from each of the orders by the plaintiff and others, and, upon separate hearings upon each of these appeals, the order granting a new trial upon the motion of the Union Oil Company was reversed, while the order granting the motion for a new trial made on behalf of the Kern Valley Bank was affirmed, the decision of this court upon each of these appeals being found reported in *Mercantile Trust Co. etc.* v. *Sunset Road Oil Co. et al.,* 176 Cal. 461, [168 Pac. 1037], and *Mercantile Trust Co. etc.* v. *Sunset Road Oil Co. et al.,* 176 Cal. 451, 458, [168 Pac. 1033, 1036]. The decision of this court upon these several appeals having become final, the cause is again before the superior court of the county of Kern, and Honorable Howard A. B. Peairs, the judge thereof, for a new trial. It is alleged in the petition herein that the said superior court and the judge thereof has "proceeded to and did set the said cause for retrial upon the issues in plaintiff's amended complaint set forth as to each and all of the defendants therein named, and that said superior court and the said judge thereof will, unless restrained by the order of this honorable court, proceed to retry all the issues arising in said cause under plaintiff's said amended complaint as against each and all of the defendants therein named as aforesaid, and that your petitioner as said plaintiff will be compelled to incur large expense in the retrial of said cause." It is quite clear to this court that upon the facts set forth in its petition herein, which preceded the above-quoted averment, and upon such averment the petitioner is not entitled to the writ which it seeks to have the court issue in this proceeding. As to the defendants in the case who did not appear and as to whom defaults were duly entered followed by the findings and decree of the trial court in conformity with the averments and prayer of the plaintiff's amended

complaint, which findings and decree have long since become
final, there need be and can be no retrial of the case, for as
to these there are no issues which remain to be tried.   As to
the defendants Union Oil Company, Coon, and Price, the
same precise condition exists, for the reversal of the order
granting the motion for a new trial as to these defendants
having become final and the original judgment as to each of
them having thus been restored and having also become a
finality, there are no issues as to these defendants to be re-
tried.   As to both of the above sets of defendants, the judg-
ment is itself conclusive evidence of every fact which either
upon their default or answer or upon appeal has been deter-
mined adversely to them.

The only other parties defendants in the action as to whom
there exist issues to be tried are the defendants Kern Valley
Bank and its representative, the superintendent of banks, and
the parties whom it has made cross-defendants by the aver-
ments of its cross-complaint or complaint in intervention.
The Kern Valley Bank and its representative, the superin-
tendent of banks, have no place in this case except that which
springs from the fact that the former is the holder of bonds
of the Sunset Road Oil Company of the face value of four
hundred and fifty-nine thousand four hundred dollars, which
bonds are secured by the mortgage or deed of trust by the
plaintiff as trustee and sought to be foreclosed in this action.
As between the Kern Valley Bank and its representative on
the one hand and the plaintiff on the other, no issue could
arise as to the integrity of the latter's lien or as to its right
to the foreclosure thereof.   The formal allegations of the
plaintiff that the sum of one million five hundred thousand
dollars in value of these bonds has been issued and is out-
standing and unpaid has not been denied.   These bonds hav-
ing been thus admittedly issued import a consideration with-
out further proof, and hence no proofs were or are required
on the part of the plaintiff upon this subject.   The plaintiff's
averment that the proper steps had been taken to declare the
whole amount due upon these bonds was also not denied.   It
was, therefore, not required either at the outset or at any
other stage of the trial to sustain these averments with proofs
as against these particular defendants.   Whatever issues
upon these subjects existed or now exist arose out of the dis-
pute between the bondholders themselves as to the integrity,

amount, and value of their respective holdings of these bonds. This issue was brought into the case by the filing of the cross-complaint and complaint in intervention of the Kern Valley Bank and its representative, the superintendent of banks, and was joined by the respective answers of the defendants named in these cross-pleadings to them. As to the proofs upon these issues the plaintiff has no interest and has never had the burden either upon the original trial or upon any retrial of the cause; and while it is true that the trial court upon the original trial of the cause decided these issues against the contention of the cross-complainant, and that its motion for a new trial as to these issues was granted; and that in granting said motion the trial court made a general order granting a new trial, which general order this court upon appeal has affirmed, still, according to well-settled principles as well as under the express rulings of this court in these particular appeals, such general order of the trial court granting such new trial is not to be construed or held to be any broader than the motion which forms its predicate nor than the issues which in said motion it was urged the court had erroneously determined. In the case of *Mercantile Trust Co.* v. *Sunset Road Oil Co. et al.,* 176 Cal. 461, [168 Pac. 1037], this court said: "No appeal was taken from the decree of foreclosure by the Sunset Road Oil Company, the mortgagor and owner of the property and the judgment has become final as to it." In the case of *Mercantile Trust Co.* v. *Sunset Road Oil Co. et al.,* 176 Cal. 458, [168 Pac. 1036], this court said: "The issues tendered by Kern Valley Bank and Williams in the cross-complaint do not affect the right of the plaintiff to foreclose the trust deed as set forth in its complaint. The question raised related solely to the rights of different holders of bonds purporting to be secured by the trust deed to participate in the proceeds of the foreclosure sale." To the views expressed in both of the foregoing cases we still adhere, and we must assume, in the absence of a positive showing to the contrary, that the trial court will be guided and governed by them upon a retrial of the cause. The question therefore presented by the foregoing state of the record is as to whether the petitioner herein has either sufficiently shown that the trial court upon a present retrial of the cause is intending to proceed contrary to the clear direction given it by the language of these deci-

sions, or that upon the whole record in the instant proceeding such appears to be the case. Recurring to the language of petitioner's application herein quoted in the earlier part of this opinion, we do not think that it sufficiently appears therefrom that the trial court is proposing to try any other issues than those actually existing in the cases in its present state. It may be stated in this connection that issues in a case do not arise or exist so as to require trial upon the mere filing of a complaint, but only upon joinder through appropriate denials of the averments of the complaint or through affirmative defenses or pleas deemed or required to be denied by the plaintiff, or by other defendants, as the case may be. The statement of the petitioner herein that the trial court proposes ''to retry all the issues arising in said cause under plaintiff's said amended complaint as against each and all of the defendants therein named'' states a condition which could not possibly exist, since no issues thus arose or now exist, with the single exception of the issues which the bondholders have created as between themselves by the cross-pleadings in the case and with which the trial court was dealing in its order granting a new trial, and which are the only issues before it in the present state of the case. This is made the more apparent by the answer to the petition herein filed on behalf of the trial court and the judge thereof, from which we think it sufficiently appears that the only matters which that court is intending or proceeding to retry are those presented by the cross-pleadings of the defendants in the case. As to these issues the plaintiff herein has not the laboring oar and has little, if any, concern, nor is it possible to conceive how the plaintiff in that action and the petitioner herein can be put to any appreciable trouble or expense in the presentation of its affirmative case in the present state of the record. That some delay will be occasioned by the retrial of the issues joined by the cross-pleadings in the case is probable in view of the provisions of the trust deed governing a foreclosure sale. These matters were discussed by this court in the case of *Mercantile Trust Co.* v. *Sunset Road Oil Co.,* 176 Cal. 458, [168 Pac. 1036], and our views therein expressed are instructive to the parties and the court upon the retrial of the cause. Such delay as may occur, however, is beyond our control, and could not be made the subject of a preventive writ.

·It follows from the foregoing discussion that the application of the petitioner herein should be denied and the writ dismissed, and it is so ordered.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., Wilbur, J., and Angellotti, C. J., concurred.

Rehearing denied.

In denying the rehearing the following opinion was rendered on August 9, 1918:

THE COURT.—The petition for rehearing is denied, but in denying the same we deem it proper to add that the question as to the proper amount to be allowed as counsel fees upon the foreclosure of the mortgage or deed of trust in the case of *Mercantile Trust Co.* v. *Sunset Road Oil Co. et al.,* out of which this proceeding arose, is involved in the retrial of that cause. Said instrument provides for the allowance of reasonable counsel fees in the event of a foreclosure thereof. The complaint in the foreclosure suit merely asked for the allowance of reasonable counsel fees without specifying any particular sum as the amount demanded. The answers of the several defendants were silent upon the subject of counsel fees. The trial court allowed counsel fees in the sum of fifty thousand dollars, basing such allowance evidently upon its finding that the outstanding indebtedness of the Sunset Road Oil Company represented in bonds and secured by said mortgage or deed of trust amounted to the sum approximately of one million five hundred thousand dollars. The Kern Valley Bank, through its representative, the bank commission, assailed this finding upon motion for a new trial and also upon said motion attacked the reasonableness of the court's finding as to counsel fees, which was predicated upon the foregoing finding as to the amount of outstanding valid bonds. The court granted said motion for a new trial by a general order, which embraced only a retrial of those issues arising between the contesting bondholders as presented in the motion for a new trial made on behalf of the Kern Valley Bank. The most vital of these issues relates to the amount of the actual indebtedness and of the valid outstanding bonds of the Sunset Road Oil Company and as a necessary incident to this issue, the question of what is a reasonable sum to be allowed as coun-

sel fees in the action brought for the foreclosure of the mortgage or deed of trust securing said indebtedness and such bonds. Both of these questions have, therefore, been reopened for examination and decision upon a retrial of the case.