[S. F. No. 9770. In Bank.—September 19, 1921.]

FRED W. LAKE, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, etc., et al., Respondents.

[1] QUIETING TITLE—APPEAL BY PART OF DEFENDANTS—REVERSAL OF JUDGMENT — NONAPPEALING DEFENDANTS.—In an action to quiet title in which plaintiff's title is based on a school land certificate and the defendants, who are tenants in common, claim under another certificate, the controversy being as to the validity of the respective certificates, where the lower court held · plaintiff's certificate valid giving him judgment, the appellate court has no power in reversing the judgment upon an appeal by part of the defendants only to order a retrial of the issues as to all of the defendants.

[2] ID.—RIGHTS OF NONAPPEALING DEFENDANTS—INTERESTS NOT ADVERSE.—While the rights of nonappealing defendants in such a case would be affected by a reversal of the entire judgment, their interests were in no sense adverse to the appellants, and their rights would not be affected by a reversal of the judgment as to the appealing defendants, as the rights of the several defendants were separate and distinct.

[3] ID.—RETRIAL—UNDIVIDED INTERESTS.—A retrial of such case can be had with relation to the undivided interest claimed by the ap-

pealing defendants without in any wise affecting the rights of the plaintiff and nonappealing defendants as determined by the previous judgment.

[4] APPEAL—REVERSAL—APPLICATION OF ORDER.—The broad expression "the judgment is reversed" will be confined to the issues arising upon the appeal and the parties appealing.

[5] ID.—APPEAL FROM PORTION OF JUDGMENT.—An appeal from a judgment by some of the defendants, although the notice of appeal is general in its terms, is of necessity an appeal from only that portion of the judgment which injuriously affects the appealing defendants, and is thus, in effect, an appeal from a portion of the judgment—that is to say, the portion of the judgment adverse to their interests, unless the reversal or modification of the whole judgment is essential to protect the interests of the appealing defendants.

[6] ID.—REVIEW OF PART OF JUDGMENT—JURISDICTION.—Upon an appeal from a portion of a judgment only the appellate court has no jurisdiction to review any part of the judgment, except the part to which the appeal is directed, and an order of reversal, although general in terms, will be construed to apply only to the part brought up for review.

APPLICATION for Writ of Prohibition.    Writ denied.

The facts are stated in the opinion of the court.

R. P. Henshall for Petitioner.

Fabius M. Clarke for Respondents.

WILBUR, J.—This is an application for a writ of prohibition to prevent the defendant from proceeding with the trial of the case of *Lake* v. *Sterling Development .Co.* and others as to certain defendants, upon the ground that the court is precluded from trying the issues between plaintiff and such defendants by reason of a previous adjudication of those rights from which the defendants referred to failed to appeal. The other defendants took an appeal and on such appeal a judgment was rendered reversing the judgment. The question is as to the effect of the judgment of reversal upon the rights of the defendants who failed to take an appeal.

---

6. Effect of reversal where part only of judgment is appealed from, note, **Ann. Cas.** 1913E, 1323.

The order of the appellate court, "Judgment reversed," taken literally, reversed the entire judgment and sent the case back for a new trial. (2 Hayne on New Trial and Appeal, sec. 299, subds. 2 and 4.) This the respondent claims is the effect of the judgment. The suit was one brought by Lake to quiet his title to certain land described in the complaint. The plaintiff's title was based upon a school land certificate issued to one Brackett and referred to as the Brackett certificate, while the title claimed by all the defendants, who were tenants in common, was derived from a certificate issued to one Phillips, whose heirs and successors are the defendants in the case. The controversy between the parties was as. to the validity of the respective certificates upon which their respective claims of title depended. The lower court held the Brackett certificate valid and gave judgment in favor of the plaintiff. Upon the appeal this certificate was declared void, from which it followed that the judgment was erroneous not only as to the defendants who appealed but also as to those who failed to appeal. Under these circumstances; if the appellate court had jurisdiction to render a judgment reversing the case and sending it back for a trial of the issues between all the parties thereto, it is clear that such an order was made and would be in furtherance of justice. The terms of the judgment rendered, unless limited by the nature of the questions presented, or because of a lack of jurisdiction, was a direct decision that the entire judgment be reversed and an implied order for the retrial of the entire case. There is nothing in the nature of the case to justify the conclusion that it was the intention of the appellate court to limit the reversal to the five-twelfths of the property owned by the defendants who served notice of appeal. That it was the intention of the district court of appeal to reverse the entire judgment is further manifested by the fact that in the briefs in the district court of appeal and in the petition for a transfer to this court the plaintiff, the petitioner herein, particularly called attention to the fact that some of the defendants had not appealed, and asked that the judgment on appeal be rendered in such form that as to the nonappealing defendants the plaintiff's judgment would be affirmed. The request was not granted.

[1] The question, then, is whether or not the appellate court had the power under the circumstances of this case to direct a retrial of the issues as to all the defendants. In considering this question of jurisdiction it should be stated that the defendants not only appeared separately by separate answers, but also filed cross-complaints setting up their respective undivided interests. The cross-complaints were ignored in the findings and judgment for the reason that the judgment adjudicating the validity of the plaintiff's title was in effect a denial of the prayer of the cross-complaint. The appealing defendants served notice of appeal upon the plaintiff and upon their codefendants. If the nonappealing codefendants were in any sense adverse parties to the appealing codefendants, it may be that the appellate court had jurisdiction over the entire judgment. [2] While it is true that the rights of the nonappealing defendants would be affected by a lawful reversal of the entire judgment, their interests were in no sense adverse to the appellants. Their rights would be in no sense affected by a reversal of the judgment as to the appealing defendants. (Code Civ. Proc., sec. 940; *Johnson* v. *Phenix Ins. Co.*, 146 Cal. 571, [80 Pac. 719]). The rights of the several defendants, although co-tenants, were as distinct as though each owned a separate and distinct piece of property within the limits of the certificate upon which the plaintiff based his right of recovery. The judgment having declared that the several defendants were without right or title in or to the particular property claimed by them, they could not be injuriously affected by any judgment rendered on an appeal, where the only remedy sought by the appealing defendants was a reversal of the judgment. The only difficulty in the case here is that the defendants who are now seeking a retrial of the issues as to them are seeking to reap where they have not sown.

[3] So far as the retrial of the case is concerned there is no reason why that trial cannot be had with relation to the undivided interest claimed by the appealing defendants without in anywise affecting the rights of the plaintiff and nonappealing defendants as determined by the previous judgment. [4] The broad expression "the judgment is reversed" will be confined to the issues arising upon the appeal and the parties appealing. (*Whalen* v. *Smith*, 163 Cal. 360, [Ann. Cas. 1913E, 1319, 125 Pac. 904].) [5] An appeal

from a judgment by some of the defendants, although the notice of appeal is general in its terms, is of necessity an appeal from only that portion of the judgment which injuriously affects the appealing defendants, and is thus, in effect, an appeal from a portion of the judgment, that is to say, the portion of the judgment adverse to their interests, unless the reversal or modification of the whole judgment is essential to protect the interests of the appealing defendants. [6] It is well settled that upon an appeal from a portion of the judgment only the appellate court has no jurisdiction to review any part of the judgment except the part to which the appeal is directed and that an order of reversal, although general in terms, will be construed to apply only to the part brought up for review. (*G. Ganahl Lumber Co.* v. *Weinsveig*, 168 Cal. 664, [143 Pac. 1025].) It is true that in the case just cited there were a number of consolidated mechanics' liens, so that, although there was only one judgment, there were a number of separate cases consolidated and that the case is, therefore, readily distinguishable from the one at bar. But, in principle, as has been stated, an appeal by only a portion of the defendants, however broad in terms the notice of appeal may be, is, in legal effect, an appeal only from a portion of the judgment affecting them and gives jurisdiction to the appellate court to reverse or modify the judgment only in so far as it affects the interests of the appellants. The effect of a reversal of the judgment where only a portion of the defendants appeal is discussed in the following cases and the conclusions therein arrived at conform to the views we have here expressed: *Title & Trust Co.* v. *California Development Co.*, 164 Cal. 58, [127 Pac. 502]; *Mercantile Trust Co.* v. *Superior Court*, 178 Cal. 512, [174 Pac. 51].

It is ordered that a writ of prohibition be granted as prayed for.

Angellotti, C. J., Shaw, J., Sloane, J., Lennon, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Shaw, J., who was absent.