[Civ. No. 3913.  Second Appellate District, Division Two.—September 5, 1922.]

JAMES M. BISHOP, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

[1] NEW TRIAL—ORDER IN GENERAL TERMS—EFFECT UPON PARTIES.— Where an order granting a new trial is general, the effect is to open up the case as to all the parties even though some of them have not moved for a new trial.

[2] ID.—EXCEPTION TO RULE—DISTINCT INTERESTS.—Where the rights and interests of the defendants are distinct, the granting of a motion for a new trial made by one defendant does not operate to set aside the judgment against a codefendant.

[3] ID.—ACTION AGAINST PRINCIPAL AND AGENT—DAMAGES FOR FRAUD —EFFECT OF ORDER GRANTING NEW TRIAL.—In an action against a principal and agent for damages for false representations made by the latter in making a sale of real estate belonging to the former, an order granting a new trial made upon the motion of the agent which was general in its terms had the effect of vacating the judgment as to the principal, since the liability of the principal was dependent upon that of the agent.

[4] ID.—EXECUTION.—An execution cannot issue upon a judgment after a motion for a new trial has been granted.

APPLICATION for a Writ of Mandate to compel the issuance of a Writ of Execution.   Denied.

The facts are stated in the opinion of the court.

---

3.  Judgment against two or more tort-feasors being set aside as to some and allowed to stand as to the rest, notes, 19 **Ann. Cas.** 797; 27 **L. R. A. (N. S.)** 209.

Stuart M. Salisbury, S. A. McNeil and Wm. B. Himrod for Petitioner.

Newlin & Ashburn for Respondents.

CRAIG, J.—This proceeding is one in mandate to compel the superior court of Los Angeles County and L. E. Lampton, the clerk thereof, to issue an execution against the defendant, David Evans, and his property on a judgment obtained by petitioner against Evans and one Grant McCartney in an action in the above-named superior court. Thereafter McCartney moved for a new trial, which motion the court granted. Evans did not join in this motion and made none on his own behalf, but subsequently, and more than ten days after notice of the entry of the judgment, moved the court to vacate and set aside the judgment as against him. This motion the court also granted. Thereafter the petitioner applied to the defendants herein for the issuance of a writ of execution against the property of Evans, which Lampton, as clerk, and the court both refused.

The nature of the original action was one for damages for breach of contract. The court in rendering judgment found that McCartney had acted as the representative of Evans in the sale to the petitioner of certain lands and that McCartney, as such agent, with intent to deceive and defraud the petitioner, had made certain false representations to him concerning the desire of tenants to remain and that these representations were an inducing cause which influenced the petitioner Bishop to enter into a contract for the purchase of the property. The findings contain no statement to the effect that Evans made any of these false representations himself or otherwise authorized McCartney to make them than by employing McCartney to make a sale.

The single issue presented is: Did the order granting a new trial made upon motion of McCartney which directed that the judgment be vacated and set aside have the effect of vacating it as to Evans? The order was worded: "It is ordered that motion for a new trial be granted on the ground of the insufficiency of the evidence to justify the findings and judgment." It was general in its terms. **[1]**

The rule is that where an order granting a new trial is general, the effect is to open up the case as to all the parties, even though some of them have not moved for a new trial. (1 Hayne on New Trial and Appeal, sec. 167; *Kent* v. *Williams,* 146 Cal. 3 [79 Pac. 527]; *Murphy* v. *Bridge,* 43 Cal. App. 87 [184 Pac. 497].) The effect of such an order is measured by the character of the motion upon which it is predicated. (*Mercantile Trust Co.* v. *Superior Court,* 178 Cal. 512 [174 Pac. 51].) However, in the instant case the motion like the order was in general terms. It is true that there are many cases in which it has been held that the granting of a motion for a new trial made by one defendant does not operate to set aside a judgment against a codefendant. They come within the exception to the rule. **[2]** That exception is that where the rights and interests of the defendants are distinct, an order setting aside a judgment against one will not affect the judgment against a codefendant. The cases cited by petitioner are of this nature. Where the judgment rendered is against two or more defendants as joint tort-feasors the case clearly comes within the exception. *Preluzsky* v. *Rittigstein,* 51 Cal. App. 427 [196 Pac. 917]; *Fearon* v. *Fodera,* 169 Cal. 370 [Ann. Cas. 1916D, 312 [148 Pac. 200], and others cited by petitioner are of this character. *Lake* v. *Superior Court,* 187 Cal. 116 [200 Pac. 1041], and *Mercantile Trust Co.* v. *Superior Court,* 178 Cal. 512 [174 Pac. 51], although not cases sounding in tort, were instances of defendants having severable interests in which a judgment against one did not involve a similar conclusion against another. The common-law rule, as before stated, is fully recognized in this state, and section 579 of the Code of Civil Procedure does not modify it where the rights and liabilities of the codefendants are interdependent or those of one entirely dependent on the other.

**[3]** In the instant case the trial court found that Evans owned a house which he employed McCartney to sell; that McCartney misrepresented certain material facts to Bishop; that by reason of the false representations made by McCartney, and solely because of them, Bishop refused to consummate the purchase of the property, and that said false representations were made without the knowledge, consent, or acquiescence of the defendant Evans. Beside rendering judgment against McCartney the trial court gave judgment

that Evans should recover from McCartney any sum which Evans might be required to pay Bishop on the judgment rendered. It is too plain to require extended discussion that the liability of the principal in this case is entirely dependent upon that of the agent. If it be held that such findings and judgment were not supported by the evidence, surely there can be no basis for liability upon the part of the principal. An exoneration of the agent must exonerate the principal, since the only wrong found to have been done by the principal was through the agent.

However, petitioner insists that the cases cited by respondent have no application except where the issue is presented on appeal after a motion for a new trial. It is pointed out that in the case at bar Evans made no attempt to set aside the judgment until long after the period allowed for a motion for a new trial had expired.

The motion which he made does not affect his rights. If the original order granting a new trial in general terms operated to vacate the judgment against Evans it was unnecessary for him to make any motion. [4] An execution cannot issue upon a judgment after a motion for a new trial has been granted. The order granting the motion for a new trial vacated the findings and judgment. (*Etchas* v. *Orena,* 121 Cal. 270 [53 Pac. 798].) If authority were needed for so obvious a proposition as the one that a court has no jurisdiction to issue an execution on a judgment which has been vacated, it is supplied by *Long* v. *Garnett,* 45 Tex. 400.

The writ is denied and the petition dismissed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 30, 1922.

All the Justices concurred.