[Civ. No. 8183. Second Appellate District, Division Two.—February 26, 1934.]

EDWARD C. PHIPPS et al., Respondents, v. ERNEST E. SHACKLETT et al., Appellants.

George B. Webster and Harmel L. Pratt for Appellants.

Foster & Klinck for Respondents.

ARCHBALD, J., *pro tem.*—From a judgment in favor of plaintiffs, defendants have appealed.

The evidence shows that defendant Shacklett was president and general manager of defendant Calmin Mortgage Corporation, and that after driving a car belonging to the corporation to Riverside on business of the latter, he proceeded on his own business, driving the same car; that when about 36 miles south of the town of Indio he attempted to pass a truck with trailer attached, at a place where the highway in front of said truck was not visible for a sufficient distance to enable him to pass before meeting the oncoming car of plaintiffs. The visibility of the highway was obstructed by a dip therein 750 feet in length and 35 feet deep, which obscured plaintiffs' approach. There is testimony that plaintiffs' car was not exceeding a speed of 30 or 35 miles per hour and that defendants' car was not exceeding 40 miles. When plaintiff Phipps' car came out of the "dip" he saw the truck about 100 feet away from him, and traveled about 25 feet when he saw defendants' car in front of him. He turned his machine to the right and ran off the pavement in an attempt to avoid a collision, and in the meantime defendants' car was turned to the left, running into the side of plaintiffs' car and causing the damage claimed. The court found that the accident was proximately caused by the negligence of defendant Shacklett, that such defendant was driving the car with the knowledge and consent of its owner, Calmin Mortgage Corporation, and that the negligence of the driver "is imputed to the owner". It was further found that plaintiffs were not guilty of any negligence contributing to the happening of the accident, but that the sole cause thereof was the negligence of defendant Shacklett.

Appellants urge: (1) That as Shacklett was not driving the car while engaged in the business of the corporation the latter is not responsible; (2) that as a matter of law Shacklett was not guilty of negligence, and (3) that under the

undisputed evidence plaintiffs were guilty of contributory negligence.

■ (1) We think it was a fair conclusion from the evidence that the car was furnished by the corporation to its president for his own use, whether on personal or company business. Appellant corporation urges that section 1714¼ of the Civil Code was not intended to reach every case where the owner's car was negligently driven on the driver's own business, but only those cases where the owner knew in advance that the driver so intended to use the car. The driver here being the president and general manager of the corporation, it might well be urged that the corporation was charged with notice of what he intended to do; but as we have said, the court might well have concluded that he was driving the car on his own business with the express knowledge and consent of its owner. We are of the opinion, however, that the code section referred to is not so limited. If under the facts of this case the operation of the car may be found to have been with the implied permission of the owner, the liability is imputed for any negligence in its operation. Prior knowledge that the driver intends to so use the car is not necessary. That seems to be necessarily implied from the use of the words "express or implied" in connection with the owner's "permission". "Express" necessarily implies previous knowledge of the intended private use. "Implied" must mean without such previous knowledge, but under circumstances from which consent to use the car is necessarily implied.

■ (2) Appellants urge that defendant Shacklett was suddenly confronted with an unknown danger and therefore is not held to the degree of care required of one of ordinary prudence not so confronted, and that it was an unavoidable accident as both drivers were in the same plight. The findings of the court include the negligence in attempting to pass the truck and trailer and driving on the lefthand side of the highway when such left side was not clearly visible far enough ahead so that the driver knew it was free from oncoming traffic a sufficient distance to permit him to overtake and pass the truck in safety (sec. 122, California Vehicle Act, then in effect). ■ In our opinion the evidence supported such finding, as well as (3) the finding that plaintiffs were free from any negligence. The rule of

sudden emergency applied in the case of plaintiffs, who were traveling at a lawful rate of speed on their own side of the highway, when suddenly confronted with danger.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 26, 1934.