[Civ. No. 9518. First Appellate District, Division One.—February 8, 1936.]

E. D. HOFFMANN, Respondent, v. JAMES LANE et al., Defendants; JOE BRASESCO, Appellant.

[Civ. No. 9564. First Appellate District, Division One.—February 8, 1936.]

E. D. HOFFMANN, Respondent, v. JAMES LANE et al., Defendants; PARKSIDE FUEL COMPANY et al., Appellants.

656

Charles V. Barfield, J. Thaddeus Cline, Rogers, Clark & O'Brien and William A. O'Brien for Appellants.

Hadsell, Sweet, Ingalls & Lamb and Reginald F. McLaren for Respondent.

GRAY, J., *pro tem.*—Plaintiff brought this action to recover damages for personal injuries received by him as the result of the negligent operation by defendant Joe Brasesco of an auto truck owned by the defendant James Lane. The jury returned a verdict awarding plaintiff damages against defendant Brasesco in the sum of $5,000 and against defendant Lane in the same amount. Upon plaintiff's motion the court granted a new trial as to the defendant Brasesco upon the ground that the evidence was insufficient to justify the verdict.

Defendant Brasesco appeals from this order granting a new trial. Defendant Lane appeals from the judgment. Since the sufficiency of the evidence to establish defendant Brasesco's negligence is not questioned, it will be unnecessary to state the evidence as to the manner of the happening of the accident.

In support of his appeal, defendant Brasesco argues, as a legal proposition, that a trial judge can set aside a verdict only if its amount is so grossly inadequate as to leave no reasonable doubt that it is the result of passion or prejudice or that it is contrary to the evidence and constitutes a clear abuse of the discretion of the jury. He denies the power of a trial judge to grant a new trial because he disagrees with the amount awarded by the jury. On this legal basis, he further argues that a comparison of the injuries shown by the evidence with awards for similar injuries, as reported in cited cases, demonstrates that the trial judge abused his discretion in granting a new trial. Not only is his legal premise incorrect, but his comparison is also faulty. The rule, as stated

by him, is applicable to an appellate court when passing upon the propriety of a trial court's ruling upon a motion for a new trial. (*Phillips* v. *Lyon*, 109 Cal. App. 264 [292 Pac. 711].) But, as this court pointed out in *Peri* v. *Culley*, 119 Cal. App. 117 [6 Pac. (2d) 86], a trial court possesses much broader power in this regard than does an appellate tribunal. It was there decided that a trial judge may grant a new trial if he is satisfied from the evidence that the award is not legally adequate or commensurate with the injuries, and he is not limited in the exercise of such power to awards so grossly inadequate as to raise an inference of passion or prejudice.

For purposes of comparison, he relies solely on his doctor's description of plaintiff's injuries. The testimony of defendants' medical expert, based in part upon his reading of the X-rays, described plaintiff's injuries as less severe in their extent and less serious in their consequences than did his attending physician. The solution of this conflict and the probative effect of the testimony were matters confided in the trial judge. (*Peri* v. *Culley, supra*.) He could, as it must be assumed he did, accept the testimony of plaintiff's doctor and reject that given by defendants' expert. According to the former, plaintiff, in his left leg, suffered a compound fracture of the tibia, with three fragments of bone,. and a comminuted fracture of the fibula, with five fragments. This leg became infected and was drained from numerous incisions for two months. It also developed ankylosis of the intermediary fragment. In his right leg, plaintiff sustained two major fractures of the tibia with a depression and multiple fractures of the fibula with considerable displacement. At the time of trial, this leg was one inch shorter than the other and had also developed ankylosis. A previous mild arthritis in both knee joints was accentuated to severity by his injuries. He also received fractures in the transverse processes of the first, second and third lumbar vertebrae and a possible fracture of the lamina of the fifth lumbar vertebra. At the trial he walked with the aid of a cane, had a decided limp and movements were painful. His knee movements were limited to seventy degrees, out of a normal of one hundred and twenty degrees, causing difficulty in the use of stairs and decreasing his stability. He had been confined seventyone days in the hospital and sixty days in bed at home. Necessarily he suffered great pain as the result of his injuries.

To establish a standard of average awards for similar injuries with which to measure the present one, defendant cites early cases in each of which an appellate court had refused to vacate a verdict as excessive, after the trial court had denied a new trial on that ground. In reply plaintiff cites later cases for larger awards, where similar action was taken. Since the considerations governing a trial court's determination as to the adequacy of an award differ so widely from those controlling an appellate court's decision as to its excessiveness, amounts which the latter have held not excessive offer but a poor standard with which the former can measure an award so as to pass upon its adequacy.

But there were other elements of damages shown by the evidence. It is undisputed that plaintiff incurred a debt of $213 to the county hospital. It is also apparent that plaintiff not only had lost earnings, but that his ability to work was impaired. He testified that at the time of the accident he was one of three partners, engaged in the business of delivering cakes and cookies direct to the home; that during the previous year he as such partner had earned an average of $60 a week, and for the year prior to that, an average of $75 a week; and that from the date of the accident to the time of trial (eleven months) he had been unable to work and had received nothing from the business. From these facts plaintiff incorrectly reasons that the trial court could have considered that he was entitled to recover wages for eleven months at the rate of $60 a week. ■ The loss of profits from the partnership was not a necessary consequence of plaintiff's injuries, and the extent of his recovery would be the worth of his services in the conduct of the business. Such element of damage must be specially pleaded, which he failed to do. (*Lombardi* v. *California St. Ry. Co.*, 124 Cal. 311 [57 Pac. 66].) ■ Under his general allegation of damages, the court could have considered the permanent loss to him because the injuries rendered him less capable of following his previous vocation, and in proof of such loss, evidence as to earnings from such vocation was admissible. (*Shaw* v. *Southern Pacific R. R. Co.*, 157 Cal. 240 [107 Pac. 108] ; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513].) Under the evidence it cannot be said that the court abused its discretion in granting a new trial because of the inadequacy of the amount awarded.

■ The complaint charged that the defendant Lane was responsible for the negligence of the defendant Brasesco because either (1) the latter was operating the former's auto truck as his employee, at the time of the accident, or (2) the former, knowing the latter's incompetency, negligently entrusted him with the operation of the auto truck, or (3) the latter was using the former's auto truck with his permission. The case was tried upon such issues of liability. In his opening brief defendant Lane treats as unnecessary the discussion of whether the verdict may not be sustained by implied findings favorable to plaintiff upon the first two issues and of whether the evidence is sufficient to support such findings. Plaintiff's reply brief contends that the evidence does support such findings and that therefore the verdict must stand. Defendants' closing brief concedes the force of such contention. But defendant Lane in his briefs argues that because the trial court granted a new trial solely as to the defendant Brasesco and allowed the judgment against defendant Lane to stand it did not believe that the evidence established Lane's liability on the first two theories but believed such liability rested upon proof of the third. So interpreting the verdict, he then argues that the evidence does not support a finding that he permitted Brasesco to use his auto truck. In support thereof he relies upon the testimony of his witnesses, which supports his claim that such permission was not given. However, he ignores the testimony of Brasesco upon which the plaintiff relies. The jury could accept as true this latter testimony and reject other testimony in conflict therewith. It will be assumed in the consideration of this argument that the verdict may be so construed in the light of the supposed action of the court. If Brasesco's testimony shows that Lane gave his permission the verdict is also sustained on the third issue. An inference of permissive use of the auto truck is deducible from Lane's undisputed ownership of it. (*Pozzobon* v. *O'Donnell,* 1 Cal. App. (2d) 151 [36 Pac. (2d) 236].) The defendant Brasesco testified that in the absence of the defendant Lane, but within the plain view of the person left in charge of Lane's coal yard, he drove the truck from the coal yard in order to take a fellow employee home and that the defendant Lane had on frequent prior occasions approved his use of the truck for such pur-

pose. Implied permission may be inferred from such use. (*Phillips* v. *Cuccio,* 5 Cal. App. (2d) 520 [42 Pac. (2d) 1050] ; *Phipp* v. *Shacklett,* 137 Cal. App. 109 [29 Pac. (2d) 917].) Even in the view of contradictory evidence produced by the defendant Lane, the jury could have found in accordance with these inferences. (*Phillips* v. *Cuccio, supra.*)

Both defendants assign as error the granting of a new trial as to the driver without including therein the owner. The defendant Brasesco has not shown nor is it clear how he could be injured by a limited retrial. The defendant Lane, as to whom the judgment was allowed to stand, was seriously affected by the restriction. The granting of a new trial as to one of several independent tort-feasors, found jointly liable for negligence, does not vacate the judgment against the remainder. (*Fowden* v. *Pacific Coast Steamship Co.,* 149 Cal. 151 [86 Pac. 178].) But if the rights and liabilities of the codefendants are interdependent or those of one are entirely dependent on the other, the judgment should be treated as an entirety, and, if vacated as to the one upon whom the other's rights depend, also as to the latter. (*Bishop* v. *Superior Court,* 59 Cal. App. 46 [209 Pac. 1012]; *Hamilton* v. *Prescott,* 73 Tex. 565 [11 S. W. 548] ; *Stotler* v. *Chicago & A. Ry. Co.,* 200 Mo. 107 [98 S. W. 509].) The defendant Lane could not be held liable as owner of the auto truck upon either of the three theories advanced by the plaintiff until the negligence of the defendant Brasesco as the proximate cause of plaintiff's injuries had been established. The order granting a new trial as to defendant Brasesco did not limit the issues to be retried, and therefore the question of his negligence was left undetermined. Hence the defendant Lane was entitled to participate in the redetermination of that issue. In *Bishop* v. *Superior Court, supra,* and in *Kent* v. *Williams,* 146 Cal. 3 [79 Pac. 527], an order granting a new trial as to the defendant upon whom the rights of a codefendant depended was construed as vacating the judgment against the latter, although the order did not so expressly provide. To remove any doubt, however, the judgment against defendant Lane is reversed and the order granting a new trial is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 6, 1936.