[Civ. No. 3826.   Fourth Dist.   Dec. 3, 1948.]

RALPH F. OSTERODE et al., Respondents, v. FORREST ALMQUIST et al., Appellants.

Forgy, Reinhaus & Forgy for Appellants.

Winthrop O. Gordon for Respondents.

MUSSELL, J.—This is an appeal from a judgment entered in favor of plaintiffs after a trial by jury in an action for personal injuries and property damage arising out of an automobile collision.

On October 16, 1946, at about 6 o'clock in the evening, plaintiff Ralph F. Osterode was driving plaintiff Charles Dawson's 1930 Ford coupé on South Main Street near its intersection with Dyer Road in the city of Santa Ana. South Main Street runs north and south and Dyer Road runs east and west and dead-ends in South Main Street from the east. South Main is a three-lane highway and is level at the point of collision, 50 or 60 feet north of Dyer Road. Mr. Osterode was driving north in the extreme east lane at a speed of approximately 30 miles per hour when he saw a pair of bright headlights in the center traffic lane facing south.

Plaintiff Osterode testified there were no lights in the northbound traffic lane; that he saw nothing in it and nothing in the center lane except the headlights; that he proceeded on past the lights and came into contact with some object in

the extreme east lane; that he put out his hand to hold the little boy (plaintiff Dale Osterode) in the seat beside him, applied the brakes and recalled nothing further about the accident until he found himself in a hospital. A physician testified that Mr. Osterode was badly injured, his face badly lacerated inside his mouth, inside his nose and his lips, requiring about 50 stitches. This witness further found a concussion of the brain, a fracture of both bones in plaintiff's knee, a fracture of the eighth rib on the left side, a sprained ankle and a general bruising and contusion. Plaintiff's leg was in a cast for two months.

Mr. Moore, one of the defendants, testified that a few moments before the accident he was driving a G.M.C. truck for defendant Almquist; that he was proceeding west on Dyer Road near the intersection when he observed a Chevrolet truck stalled in the center lane of Main Street, facing south; that he turned and drove the G.M.C. truck north past the stalled vehicle, pulled in behind it and backed his truck south in the center lane on Main Street intending to tow the stalled truck backwards to get it started; that when the backing operation was finished the two trucks were about 12 inches apart, end to end, and the right rear of the G.M.C. truck extended over the white line to the east into the northbound traffic lane approximately 18 inches and was in this position at the time of the accident; that the Ford did not hit the stalled truck; that at the time he parked on Dyer Road there were three flares on Main Street, one approximately 150 feet south of the stalled truck, one the same distance north of it and one in the east lane. Mr. Moore further testified that before the accident he had checked the lights on his truck and that the red taillight and clearance lights were burning and that the clearance lights were located on the right rear and left rear lower corners of the truck bed.

Robert Almquist, a defense witness, testified that the flares were all set in the center traffic lane; that he was standing on the shoulder of the highway by the Chevrolet truck when the accident happened and that several cars had passed the stalled truck just prior to the accident. A highway patrol officer testified that when he first observed the stalled truck there were no flares and that afterwards the three flares were placed by one of the men with him. Forrest Almquist, owner of both trucks involved, testified that the right rear tire of the G.M.C. truck was blown out and the marks of the impact were on the southeast corner of this truck. A traffic officer

examined the G.M.C. truck after the accident and found marks of the collision on the right half of the tail assembly.

Defendants first contend that as a matter of law they are not guilty of negligence.

The rule as to the province of the reviewing court in reviewing the evidence is as stated in *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]. It is there said:

"[A]ll conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When one or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." (*Crawford* v. *Southern Pacific Co.,* 3 Cal. 2d 427, 429 [45 P.2d 183].)

Defendants recognize this rule but contend that there is an exception to the general rule where the evidence is so inherently improbable as to insult the intelligence of the appellate court, or where there is no real conflict in the evidence or it is against the physical facts, or when the implied finding of the jury is not supported by the slightest shadow of evidence.

We cannot agree with defendants' contention that the evidence shows an exception to the rule stated. There is a substantial conflict in the evidence as to the presence of warning lights in the traffic lane in which plaintiff was traveling; a conflict as to whether there were any warning lights on that portion of the towing truck which projected out into the northbound lane of traffic. Several cars passed the stalled truck safely prior to the time the towing truck was backed up so as to obstruct traffic. The implied finding of the jury that the negligence of the defendants in so placing the towing truck constituted negligence and was the proximate cause of the accident is a reasonable inference to be drawn from the testimony. Whether defendants' negligence was the proximate cause of the injuries was for the jury to decide and we are not able to interfere with its finding. (*Fennessey* v. *Pacific Gas & Elec. Co.,* 20 Cal.2d 141, 144 [124 P.2d 51].)

It is urged that plaintiff Ralph Osterode was guilty of contributory negligence as a matter of law in that he failed to see the warning signs that were present. As hereto-

fore stated there was a substantial conflict in the evidence as to the existence of any warning signs in the northbound lane of traffic. Plaintiff Ralph Osterode saw bright headlights in the center lane facing him and nothing in the east or northbound lane. ██ The burden of proving contributory negligence is upon the defendants. (*Anthony* v. *Hobbie*, 25 Cal.2d 814, 818 [155 P.2d 826].) ██ We cannot say as a matter of law that there was contributory negligence on the part of plaintiff Ralph Osterode in the circumstances here presented. The question was one of fact for the jury to decide and the verdict is binding on this court.

Finally it is urged that there was prejudicial error in the admission of testimony as to profits of the fishing enterprises of plaintiff Ralph Osterode and others.

Plaintiff Ralph Osterode testified that he was a commercial fisherman, skipper and part owner of a fishing boat; that just prior to the accident he was getting the boat ready to take a fishing trip south to Cedris Islands for bonita; that he had taken previous trips to these same islands and the capacity of his boat was 25 tons and that the fish ran about the same each year; that under his contract with the union the fishermen on the boat, six in number, received 10 per cent of the catch each as wages; that expenses for a January run of the same boat were approximately $800. Milford Butts, a witness for plaintiffs, testified over objection that he was a fisherman familiar with the Cedris Islands and in November and December of 1946, caught a full load of bonita in that vicinity as did several other boats making the same trip. He testified that the market price for bonita at that time was $240 per ton and that the expenses on the boat amounted to approximately $800.

██ While a plaintiff in an action for personal injuries cannot ordinarily recover for loss of profits derived from a business (*Hoffmann* v. *Lane*, 11 Cal.App.2d 655, 659 [54 P.2d 477]; *Pretzer* v. *California Transit Co.*, 211 Cal. 202 [294 P. 382]), however, under a plea of general damages and to prove loss of earning capacity, it is permissible to show what wages, salary, or emoluments would be open to the plaintiff in a business, vocation, trade, or profession which he understands and in which he would have the right and ability to engage except for the injuries sustained (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 249 [116 P. 513]), and the earning capacity of Ralph Osterode prior to the accident was a proper subject of inquiry. (*Perry* v. *McLaughlin*, 212 Cal.

1, 12 [297 P. 554]; *Malinson* v. *Black*, 83 Cal.App.2d 375, 380 [188 P.2d 788].)

█ In the instant case the jury was instructed that if plaintiff Ralph Osterode was found to be entitled to a verdict they should award him in addition to the special damages, damages for pain, discomfort and anxiety suffered by him, as well as compensation for loss of earning power. The verdict in favor of Ralph Osterode was in the sum of $4,500 for all injury sustained by him. The particular items were not specified. What amount, if any, was allowed by the jury as "loss of profits" does not appear. The loss of earnings may be properly included by the jury in assessing the general damages. (*Wilcox* v. *Sway*, 69 Cal.App.2d 560, 572 [160 P.2d 154].)

█ Plaintiff's earning power was impaired by the injuries sustained and even in the absence of proof of his earning power the jury would not be limited to nominal damages. (*Lindemann* v. *San Joaquin Cotton Oil Co.*, 5 Cal.2d 480, 494 [55 P.2d 870].) █ If the circumstances which were before the jury show that by reason of the injury plaintiff has become unable to perform the labor or transact the business which he was accustomed to transact or perform prior thereto, he is entitled to recover damages therefor and from the nature of the investigation the amount of such recovery must be left to the wise discretion of the jury. (*Lindemann* v. *San Joaquin Cotton Oil Co.*, *supra.*) There is no contention that the damages awarded were excessive. There was no prejudicial error in admitting the testimony complained of in the circumstances here shown.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.